WILLIAM and JAMES LONG, Plaintiffs in Error, *v.* GEORGE TOWL, Defendant in Error.

1. *Practice—Appeal—Motion for New Trial or in Arrest.*—Before the party injured by the judgment can take his appeal or writ of error, he must give the inferior court the opportunity of correcting its own error, by filing a motion for a new trial or in arrest, or to set aside the judgment as entered —G. S. 1865, ch. 172, § 6.

2. *Practice—Pleading—Answer—Demurrer.*—A party cannot demur and answer to the same subject matter.

*Error to Second District Court.*

*Perryman & Dining*, and *Garesché & Mead*, for plaintiffs in error.

I. The amended answer was insufficient because it traverses the same cause of action it confesses and avoids— Darrett v. Donnelly, 38 Mo. 492. Because the breaches being specifically assigned, the denials must be specific and *nil debet*, no answer—Engler v. Bates, 19 Mo. 545. Motion to strike out, not demurrer, was the proper proceeding—Phillips v. Evans, 38 Mo. 309.

II. The petition shows a cause of action, and the answer being no plea in bar, the court could not dismiss the suit ; for the court in a demurrer does not look to the exhibits, and defendant claims that a motion to strike out answer is a demurrer—Curry v. Lackey, 35 Mo. 392 ; Baker v. Berry, 37 Mo. 306 ; Calvert v. Han. & St. Jo. R.R. Co., 38 Mo. 465.

*G. I. Van Allen*, for defendant in error.

I. There has been no final judgment rendered in this case. The order of the Circuit Court " dismissing plaintiffs' cause of action " is not a final judgment either in form or fact. That it is not in form, see Lisle v. Rhea, 9 Mo. 172 ; Jones v. Hopper, 9 Mo. 173 ; Young v. Stonebreaker, 33 Mo. 117 ; Adams v. Trigg, 35 Mo. 190 ; State v. Gregory, 38 Mo. 501 ; G. S. 690, § 30. That it is not, in fact, is scarcely a debatable question. Should the plaintiff file a new petition, and

commence a new action on the same contract, a plea of former judgment in bar could not be sustained—Taylor v. Larkin, 12 Mo. 103. The final entry of judgment having been made or returned in this case, the writ of error and appeal should be dismissed.

II. There having been no motion made by the plaintiff for leave to amend his petition, for a rehearing, or for a new trial, this court will not consider errors alleged to have been committed in the court below unless an opportunity shall first have been given to the lower court to correct them by motion for new trial—Woods et al. v. Mosier et al., 22 Mo. 335; State v. Marshall, 36 Mo. 400; Banks v. Lades, 39 Mo. 406.

III. The order of the Circuit Court dismissing the plaintiff's petition on the motion filed by them to strike out defendant's amended answer was clearly right. The plaintiff's objection to defendant's answer was in the nature of a demurrer; and the court, in order to decide the motion, was compelled to look into the insufficiency of the petition, as an issue of law was presented by the answer sought to be stricken out.—1 Tiff. & Smith's Prac. 387–8 & 579; 12 Barb. (S. C.) 573; 5 Sandf. 54; 8 How. Prac. 79.

WAGNER, Judge, delivered the opinion of the court.

Plaintiffs commenced their action in the Washington county Circuit Court against the defendant, and the court dismissed their action; they appealed from that decision to the Second District Court, but filed no motion in the Circuit Court for a new trial or in arrest of judgment. The District Court upon a hearing of the cause affirmed the judgment, and it is now brought here by writ of error. The law provides that, before a case can be taken to an appellate court, a motion for a new trial, or in arrest of judgment, must be filed within four days, if the term so long continue; and if not, then before the end of the term—G. S., ch. 172, § 6. This is intended to give the inferior court an opportunity to correct its own error, and unless such motion is filed at the

appropriate time, the cause will not be reviewed in the appellate tribunal—Richmond v. Pogue, 36 Mo. 313 ; State v. Marshall, 36 Mo. 400 ; Banks v. Lades, 39 Mo. 406. The decision of the Circuit Court must be regarded as an involuntary non-suit entered up against the plaintiffs, and to avail themselves of the error, if error there be in the proceedings, they should have filed their motion to set aside the judgment, and, upon its being overruled, duly taken exceptions. But this they neglected to do, and hence there is nothing available in this court, nor was there anything in the District Court on which to predicate error. The case was not properly in that court, nor is it in this court, and the judgment will be affirmed ; but as the matter may be again litigated, we will say that we entirely disapprove of the manner in which the answer was framed, attempting as it did to conjoin the substance of a demurrer with matter which belonged to an answer in the same pleading. Such practice begets confusion, is at variance with the principles of pleading under our code, and ought not to be allowed.

Judgment affirmed. The other judges concur.

