LEWIS H. COLLINS, Appellant, *v.* JAS. W. SAUNDERS, Respondent.

46 389
81a 251
82a 469
46 389
85a 424

1. *Practice, civil — Bill of exceptions — Motion for new trial and arrest of judgment.*—Where defendant appeals without motion for a new trial, or in arrest of judgment, this court is limited to questions arising on the face of the record, and will not consider those presented only by bill of exceptions.

### *Appeal from Fourth District Court.*

*Mullen*, for appellant.

*Burgess*, for respondent.

There was no motion made in the Circuit Court for a new trial, or in arrest of judgment, and where this is the case this court has repeatedly held that it will not review the proceedings of the court below. (Morgner v. Kister, 42 Mo. 466; Banks v. Lades, 39 Mo. 406; Bishop v. Ransom, 39 Mo. 416–17; Long v. Towle, 41 Mo. 398; Richmond's Adm'r v. Pogue, 36 Mo. 313; State v. Marshall, 36 Mo. 400.)

CURRIER, Judge, delivered the opinion of the court.

The plaintiff brings this cause here by appeal, first from the Circuit Court and then from the District Court, but without having filed in the trial court any motion in arrest or for a new trial. This court is therefore limited in its range of investigation to questions arising upon the face of the record proper; that is, it will not consider questions which are alone presented by the bill of exceptions. The point of practice thus stated was care-

fully considered in State v. Marshall, 36 Mo. 400, and the rule as given above was declared to harmonize with and carry out the purposes of the statute. (R. C. 1855, p. 1286, § 6; Wagn. Stat. 1059, § 6.) Subsequent decisions have conformed to the ruling in the case referred to, and the rule of practice there enunciated must now be regarded as settled, although a different rule prevailed under the practice act of 1849. As to the distinction between errors appearing of record and errors appearing by exceptions, see Bateson v. Clark, 37 Mo. 31. But the plaintiff seeks by his appeal to raise questions which do not appear upon the face of the record, and which are alone presented by the bill of exceptions. The Circuit Court, upon the defendant's motion, struck out an important part of the plaintiff's petition; and that is the error complained of, and the facts are presented in a bill of exceptions.

The petition was a part of the record proper, but the defendant's motion to strike out and the subsequent proceedings thereon were not; and these were matters which could alone be presented by a bill of exceptions, and they were accordingly presented in that way.

The plaintiff having neglected to file a motion for a new trial, thus giving the trial court an opportunity to review its own decision, the merits of the question he now seeks to raise can not be investigated or declared in this proceeding. That can only be reached by a suit which shall develop the equities sought originally to be asserted here, and which were asserted in the original petition, but which were cut out of the case by the action of the court.

The judgment must be affirmed. The other judges concur.