THE STATE, *ex rel.* HOWARD COUNTY, *Plaintiff in Error,*
*v.* BURCKHARTT *et al.*

1. **Referee, Report of** : SPECIAL VERDICT : JUDGMENT ON. The report of a referee in applying payments and stating an account must be treated as a special verdict for the purpose of rendering a judgment upon it.

2. **Practice in Supreme Court:** BILL OF EXCEPTIONS : MOTION FOR NEW TRIAL. Before the Supreme Court will review alleged errors occurring at the trial, the attention of the trial court must be called to them by a motion for new trial, and such motion and the ruling thereon must be incorporated into the bill of exceptions.

*Error to Cooper Circuit Court.*—Hon. E. L. Edwards, Judge.

Affirmed.

*Martin & Priest* for plaintiff in error.

*Draffen & Williams* and *John Cosgrove* for defendants in error.

(1) There is no motion for a new trial preserved in the bill of exceptions in this case; and under the repeated rulings of this court, it is absolutely precluded from examining the questions raised by the plaintiff in error. *Botchford v. Cramer*, 65 Mo. 48; *Thacker v. Tracy*, 8 App. Rep. 315; *Bevin v. Powell*, 11 App. Rep. 216–220; *Home Savings Bank v. Traube*, 6 App. Rep. 221; *Reinecke v. Jod*, 56 Mo. 386; *McCoy v. Farmer*, 65 Mo. 244; *Acock v. Acock*, 57 Mo. 155; *Lancaster v. Insurance Company*, 62 Mo. 121; *Brady v. Connelly*, 52 Mo. 19. (2) There is also another objection to the examination here of the questions raised by the plaintiff in error, which is as fatal as the omission to file a motion for a new trial. No such exceptions were filed to the report of the referee, as are contemplated by the statute. They should have been specific. *Wiggins Ferry Co. v. Railroad Co.*, 73 Mo. 419.

Black, J.—The defendant, Burckhartt, was collector of the revenue of Howard county for the three consecutive terms commencing on the first days of February 1873, 1875 and 1877. At the beginning of each term, he gave bond for the faithful discharge of his duties, with different sureties. He failed to make regular settlements with the county court as the law contemplates, but an account, in the nature of an account current, was kept by the county clerk. At the close of the third term, there appeared to

be a balance against the collector, to recover which these suits were instituted on these bonds. Other breaches of the bonds were alleged in the petitions.

The defendants, in the suits upon the first and second bonds, among other defences, pleaded the statute of limitations of three years. The causes were referred, with instructions to the referee to find the facts and report the same to the court with his rulings in admitting and rejecting evidence. The referee heard the causes at the same time, and reported to the court. The report, as to the facts, was in substance, that there was no default in the second and third terms, but that overpayments had been made during those terms, and after applying these to the first term, the collector was still in default on the first term in the sum of over twenty-five thousand dollars; that, in May, 1875, the attention of the collector was called to the fact that he was in default, and on his representation that the default was occasioned by tax receipts on good men, with which he was charged, and which he had not collected, he was allowed to remain in default; that the settlement for that term was due May 17, 1875, and these suits were commenced January 18, 1879. Exceptions were made to this report on the ground that the referee erred in excluding and in admitting certain evidence, and because the finding was against the law and the evidence which were by the court overruled. The report was confirmed and judgment entered for defendants in each cause.

The report of the referee, in applying the payments and stating the account, must be treated as a special verdict, for the purpose of rendering judgment thereon. R. S., sec. 3623; *Woodrow v. Younger*, 61 Mo. 395; *Franz v. Dietrick*, 49 Mo. 95. It does not appear to be claimed that a judgment different from that actually rendered could, of right, have been entered upon the facts as found by the referee. The errors complained of are such as must be preserved by bill of exceptions. These are duly preserved in the bill of exceptions, but

there is nothing in the bill of exceptions to show that a motion for new trial was filed or overruled by the court, nor is there any such a motion found in the transcript. Before this court can review the alleged errors, the attention of the trial court must be called thereto by a motion for new trial, and that and the ruling thereon must be incorporated in the bill of exceptions. *State v. Marshall*, 36 Mo. 400; *Long v. Towel*, 41 Mo. 398; *Collins v. Saunders*, 46 Mo. 389, and *Rotchford v. Creamer*, 65 Mo. 49. The judgment of the circuit court, in each of these cases, is affirmed. All concur.