The State ex rel. Walker v. Hurlstone.

---

THE STATE *ex rel.* WALKER V. HURLSTONE *et al.*, *Plaintiffs in Error.*

1. **Practice in Supreme Court:** MOTION FOR NEW TRIAL: EXCEPTIONS. Unless there is a motion for a new trial filed and preserved in the record, with exceptions to the action of the trial court in overruling the same, the Supreme Court will only review such questions as appear upon the face of the record proper. It will not consider questions presented by the bill of exceptions, where there is no motion for a new trial. And cases heard before a referee form no exception to the rule. Exceptions to the report of the referee do not take the place of a motion for new trial.

2. **Practice:** REFERENCE: REVIEW OF FINDING OF REFEREE. In actions at law, not coming within the provisions of section 3606 of the Revised Statutes, the court cannot, on a simple agreement to refer the issues to a referee, review the evidence and make a finding contrary to that made by the referee. But in cases where the court may, on motion of either party, without the consent of the other, or on its own motion, direct a reference, it may review the finding of the referee on the evidence reported

*Appeal from Cedar Circuit Court.* — HON. CHAS. G. BURTON, Judge.

AFFIRMED

*Buller & Loy* for plaintiffs in error.

(1)   The report of the referee was equivalent to a special verdict.   R. S., sec. 3623; *Woodin v. Foster*, 16 Burt. 46;   *Bank v. Miller*, 73 Mo. 187; *Woodrow v. Younger*, 61 Mo. 395;   *Franz v. Deitrick*, 49 Mo. 95; Edwards on Referees, 147, 153; R. S., sec. 3722.   So far as we have been able to discover, this court has never before been called upon to consider, and never has considered, the question as to whether the statutory exceptions to the report of a referee are not equivalent, in such a case, to a motion for a new trial.   Such seems to be the intention of the statute, and that such is the practice in other courts.   Edwards on Referees, sec. 149; *Morris v. Husson*, 4 Seld. 204; *Rhodes v. Simon*, 24 Minn. 192; *Wilcox v. Bates*, 45 Wis. 138; *Jenkins v. Esterly*, 22 Wis. 128; *Treasurer v. Norton*, 1 Ohio, 270.   This court has repeatedly held that where there is error apparent on the face of the record, it will reverse, whether a motion for a new trial, or in arrest, was filed or not.   *Cass v. Edwards*, 1 Mo. 137; *Hempstead v. Stone*, 2 Mo. 65; *Hayton v. Hope*, 3 Mo. 54; *Maupin v. Triplett*, 5 Mo. 422; *West v. Miles*, 9 Mo. 169; *Fox v. Tooke*, 34 Mo. 509. As to what is the record:   *State v. Matson*, 38 Mo. 489; *Bateson v. Clark*, 37 Mo. 31; *McIntire v. McIntire*, 80 Mo. 471, and cases cited.   The object of a motion for a new trial is to give the court an opportunity to correct errors made on the trial.   *Brady v. Connolly*, 52 Mo. 19. But the judgment, in this case, was rendered upon motion, not upon trial, to-wit: on the motion filed by the defendants to set aside the report of the referee, which was overruled, and on the motion of plaintiff to set aside the report and render judgment, which was, at the same time, sustained.   This court has always held that no motion for the rehearing of a motion is required.   *Jones v. Manly*, 58 Mo. 563;   *O'Connor v. Koch*, 56 Mo. 353;

*State v. Matson*, 38 Mo. 489; *Parker v. Waugh*, 34 Mo. 340. (2) The court erred in overruling defendants' motion to set aside the order of reference. R. S., sec. 3606; *Caulk v. Blythe*, 55 Mo. 294. No written consent was given, and there was no examination of a long account, within the meaning of the law, involved in this case. *Magoun v. Sinclair*, 5 Daly, 63; *Place v. Cheesbrough*, 63 N. Y. 315; *Powell v. Giles*, 53 How. (N. Y.) 244. (3) The court erred in rendering judgment upon the evidence returned by the referee, upon the assumption that the matter was properly referred by consent; the court had no right to substitute itself for the referee. This was on an action of law, not a suit in equity. The parties had a constitutional right to trial by jury, which they might waive in favor of a referee, and yet be very far from waiving in favor of the judge. *Kennard v. Peck*, 19 Mo. App. 342; *Moniteau National Bank v. Miller*, 73 Mo. 187; *Prendergast v. Eyerman*, 16 Mo. App. 342. (4) The defendants' exceptions to the report of the referee ought to have been sustained. (5) The judgment is erroneous on its face.

*E. E. Kimball* for defendant in error.

(1) There is no motion for new trial preserved in the bill of exceptions, and none was filed in the case, and under repeated rulings, this court will not examine the question raised by the plaintiff in error. *Rotchford v. Cramer*, 65 Mo. 48; *Acock v. Acock*, 57 Mo. 185; *State v. Marshall*, 36 Mo. 400; *Collins v. Sanders*, 46 Mo. 389; *Long v. Towel*, 41 Mo. 398. The case of *State ex rel. Howard County v. Burckhartt*, 83 Mo. 430, is a case almost exactly in point, where it was held that failure to file motion for new trial precluded this court from reviewing alleged errors. (2) The court may accept the report of the referee, as to the facts found, without accepting his inferences or conclusions of law. *Moniteau*

*National Bank v. Muller*, 73 Mo. 187; *Ely v. Ownby*, 59 Mo. 437: *O'Neil v. Capelle*, 62 Mo. 202.    In *Smith v. Paris*, 70 Mo. 615, it is held that the court is not bound to adopt or reject the report of the referee, *in toto;* but may adopt it with modifications.    (3) It has been frequently held, and the clear weight of authority sustains the doctrine, that, where a person holds an office two successive terms, the securities on his official bond for the second term are only liable for such moneys as were actually in his hands at the time of the execution of such bond.    *Arlington v. Merricke*, 2 Saund. 403; *Bruce v. United States*, 17 How. 437; *Vivan v. Otis*, 24 Wis. 518; *Rochester v. Randall*, 105 Mass. 295.

BLACK, J.—The defendant, Hurlstone, was elected treasurer of Cedar county in 1878, for the term of two years, and again in 1880 for a like term.    At each election he gave bond for the faithful disbursement of the school funds.    This suit is prosecuted in the name of the state at the relation of the county clerk against the treasurer and the sureties on the first bond.    The petition states that he was largely in default to the common-school fund, swamp-land fund, and to the various school districts, giving the amount to each, and in all making some fifty or sixty items.    A like suit was instituted on the second bond to recover the same money because of alleged breaches during the second term of office.

By agreement of all the parties, both cases were referred to the same referee, with directions to hear the evidence and report upon the law and facts to the next term of the court.    The parties stipulated that both cases should be heard by the referee at the same time, and they were so heard.    It seems the referee recommended a judgment against the defendants in the other case, for over five thousand dollars.    In this case he finds that there was a breach of the bond, but says he is

unable to ascertain the amount due to each particular fund and recommends a judgment for plaintiff for nominal damages only. After the report was filed defendants, except Hurlstone, moved to set aside the reference, which motion was overruled; and all of the defendants in this case excepted to the report of the referee on the ground that the finding as to the breach of the bond was against the evidence, and not supported by any evidence, and because the referee erred in the admission of evidence; these exceptions were also overruled. At the same time, the plaintiff filed exceptions to the report of the referee on the ground that the evidence showed that the treasurer was a defaulter on his bond to the amount of three thousand dollars; the court sustained these exceptions, and on the evidence reported gave judgment for the plaintiff for three thousand dollars, and interest. To all of these rulings the defendants excepted.

The defendants had allowed and filed a bill of exceptions, but filed no motion for a new trial, and the question is, whether the exceptions before mentioned can be considered by this court. The law has been long and well settled in this state that, unless there is a motion for a new trial filed, and the motion preserved in the record, with exceptions to the action of the court in overruling the same, this court is limited in its investigation to such questions as appear upon the face of the record proper. It will not consider questions which are only presented by the bill of exceptions, where there is no motion for new trial. *Long v. Towle*, 41 Mo. 398; *Collins v. Saunders*, 46 Mo. 389. There are many other cases to the same effect, but it is unnecessary to make special mention of them, for the general rule is not denied.

But it is urged that exceptions to a report of a referee take the place of a motion for new trial; that they stand as and for such a motion. *Rotchford v.*

Creamer, 65 Mo. 49, was a suit to settle a co-partnership, and, by consent of the parties, the matters of difference were, by order of court, submitted to a referee, who took the evidence and made a report. The court made one modification and then confirmed the report. This court then said : " We are precluded from any examination into the merits of the cause because the motion for a new trial is not incorporated in the bill of exceptions." The more recent case of State ex rel. v. Burckhartt, 83 Mo. 430, was a suit on a collector's bond. The issues of fact were sent to a referee, and exceptions were made to his report on the ground that he erred in excluding and admitting evidence, and because his findings were against the law and the evidence. No motion for new trial was filed in that case, and we had no hesitancy in applying the general rule. The exceptions to the report of the referee are filed for the purpose of calling upon the trial court to review the rulings of the referee. This must be done before confirmation and judgment. It is the purpose of the motion for a new trial to give the trial court an opportunity to correct its own errors, and to award a new hearing, if that be necessary to correct any errors that may have been made. We see no reason for departing from what has been heretofore said. The exceptions taken in this case, and before noted, are such as can only be preserved in a bill of exceptions, and there having been no motion for new trial, they cannot be considered here.

It is further urged that the court could not modify the findings of the referee. In the case of Caruth-Byrnes Hardware Co. v. Wolter, 91 Mo. 484, we held that, in actions at law, not coming within the provisions of section 3606, Revised Statutes, the court could not, on a simple agreement to refer the issues to a referee, review the evidence and make a finding contradictory to the finding made by the referee, because in such cases the parties are entitled to a jury, and an

agreement to refer to a designated person is no agreement that the court may try the facts. But it is there shown that in those cases where the court may, on motion of either party, without the consent of the other, or on its own motion, direct a reference, it may review the findings of the referee on the evidence reported. Now, in this case, it is clear that the trial required the examination of a long account, and the court had the right to make a reference of its own motion, and hence could review the findings made by the referee.

The judgment is, therefore, affirmed. All concur.