Wentzville Tobacco Co. v. Walker.

---

WENTZVILLE TOBACCO COMPANY, *Appellant*, v. WALKER *et al.*

### Division One, July 9, 1894.

1. **Practice**: PLEADINGS: MOTIONS: EXCEPTIONS. It is settled law in this state that rulings on motions directed at the pleadings must be excepted to at the term when made; otherwise they can not be saved by being incorporated in a bill of exceptions filed at a later term.

Wentzville Tobacco Co. v. Walker.

| | |
|---|---|
| 123 | 662 |
| o166 | 403 |
| 123 | 662 |
| 93a | 2620 |
| 123 | 662 |
| 94a | o267 |
| 94a | o268 |

2. **Appellate Practice**: REVIEW OF FINDING OF FACTS. An appellate court can not properly review findings of facts where part of the evidence submitted to the trial court is omitted from the appellate record.

3. ————: ERROR: PRESUMPTION. In the absence of an affirmative showing of error, the ruling of the trial court is presumed to be correct.

4. **Practice**: ACCOUNT: REFERENCE. Where an action involves a long account, the court may order a trial before a referee without the consent of the parties.

5. ————: ————: ————: CONSTITUTION. The statute allowing causes to be referred by the court is constitutional.

6. ————: ————: ————. In causes wherein the court may direct a compulsory reference, it also has power to act upon the evidence taken before the referee, and to find therefrom different conclusions of fact from those reported by the referee.

7. ————: ————: REFEREE'S REPORT: EXCEPTIONS. Where no exception is saved to the ruling of a trial court in sustaining exceptions filed to the report of a referee, that ruling is not open for review upon appeal.

8. ————: NEW TRIAL: EXCEPTIONS. An exception is essential to save for review a ruling on a motion for new trial.

*Appeal from St. Charles Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*T. F. McDearmon* for appellant.

(1) The circuit court erred in overruling plaintiff's motion to strike out part of defendant's answer. That part of the answer embraced in said motion set up a counterclaim or set-off and constituted no legal defense to the action. *State to use v. Modrell,* 15 Mo. 421; *Johnson v. Jones,* 16 Mo. 494; *Vastine v. Dinan,* 42 Mo. 269; *Brake v. Carning,* 19 Mo. 125; *State ex rel. v. Eldrige,* 65 Mo. 584; *Mahan v. Ross,* 18 Mo. 121; *Pratt v. Menkins,* 18 Mo. 158; *May to use v. Kellar,* 1 Mo. App. 381; Waterman on Set-Off, p. 341, sec. 288. (2) The

court erred in overruling plaintiff's motion to strike from the files the separate amended answer of T. C. Boyd, H. T. Peddleton and Charles J. Walker, executor of Mary D. Linn, deceased, sureties on the bond sued on, filed after the first report of the referee had been filed in court. R. S. 1889, secs. 2101, 2098, 2117; *Archer v. Ins. Co.*, 43 Mo. 434; *Martin v. Martin's Adm'r*, 27 Mo. 227; *Stewart v. Glenn*, 58 Mo. 481; *Garton v. Cannada*, 39 Mo. 357; *Irwin v. Chiles*, 28 Mo. 576; *Singer Mfg. Co. v. Givens*, 35 Mo. App. 602; *Newman v. Kenton*, 79 Mo. 385; *Carr v. Moss*, 87 Mo. 447; *Sims v. Field*, 24 Mo. 557. (3) The court erred in sustaining defendants' exceptions to the first report of the referee filed in the case. The exceptions were sustained solely upon the referee's finding of the facts. The court approved of the referee's ruling on the admission and rejection of testimony. The referee's finding of the facts was conclusive. The report of a referee in an action at law, has the effect of a special finding by a jury and where there is evidence tending to establish the fact the court can not disturb the referee's finding. R. S. 1889, secs. 2138, 2139, 2155; *Ferry Co. v. Railroad*, 73 Mo. 389; *State ex rel. v. Burckhart*, 83 Mo. 430; *Vogt v. Butler*, 105 Mo. 479; *Clark v. Phillips*, 99 Mo. 650; *Father Mathew Society v. Fitzwilliams*, 84 Mo. 406; *Franz v. Dietrich*, 49 Mo. 95; *Dingfelder v. Brewing Co.*, 103 Mo. 578; *Benev. Ass'n v. Kribben*, 48 Mo. 37; *Singer Mfg. Co. v. Givens*, 35 Mo. App. 602; *Dunlap v. Social Club*, 25 Mo. App. 180; *Mursman v. Mursman*, 29 Mo. App. 649; *McGinnis v. Mitchell*, 21 Mo. App. 493; *Kennard v. Peck*, 19 Mo. App. 343; *Prendergast v. Eyerman*, 16 Mo. App. 387. (4) The court erred in instructions or directions given the referee after sustaining exceptions to the first report of the referee. The instructions contained two legal propositions. *First*, that under the testimony reported by the referee the

securities were liable. *Second,* that the books kept by Walker were competent evidence in his favor. (5) The books were not legal evidence in favor of the defendant, the testimony of the bookkeeper, defendant Walker himself, showing that the books were full of errors. *Hessrick v. McPherson,* 20 Mo. 310; *Anderson v. Volmer,* 49 Mo. 407; *Nepper v. Jones,* 27 Mo. App. 538; *Cozens v. Basset,* 23 Mo. App. 544; *Hanson v. Jones,* 20 Mo. App. 595; *Lord v. Siegel,* 5 Mo. App. 582; *State v. Findley,* 101 Mo. 217; *Robinson v. Smith,* 111 Mo. 205; *Anchor Milling Co. v. Walsh,* 108 Mo. 277. (6) The court erred in sustaining defendant's motion for a new trial after the court had overruled defendant's exceptions to the second report of the referee. The affidavits filed therewith did not conform to the rule in regard to diligence and materiality. *Goff v. Mulholland,* 33 Mo. 203; *Miller v. Whitson,* 40 Mo. 97; *Barry v. Blumenthal,* 32 Mo. 29; *Richardson v. Farmer,* 36 Mo. 35; *Callahan v. Cafferata,* 39 Mo. 136; *Tilford v. Ramsey,* 43 Mo. 410; *Jaccard v. Davis,* 43 Mo. 535; *Smith v. Mathews,* 6 Mo. 600; *Dollman v. Munson,* 90 Mo. 85; *State v. Woodward,* 95 Mo. 129; *State v. Musick,* 101 Mo. 260; *State v. Lichliter,* 95 Mo. 402; *State v. Crawford,* 99 Mo. 74. (7) The court erred in rendering a judgment in favor of the defendants after sustaining the exceptions to the third report of the referee. The court should have recommitted the case to the same or another referee, or rendered judgment for plaintiff at least for nominal damages. *Ham v. Hill,* 29 Mo. 275; *Hicks v. Hoose,* 44 Mo. App. 571; *Rowsey v. Lynch,* 61 Mo. 560; *Wilson v. Stilwill,* 9 Ohio St. 467; *Gilbert v. Win,* 1 N. Y. 552.

*C. W. Wilson* for respondent.

(1) Appellant did not preserve its exceptions to the action of the court in the matters in question at the

term of the court at which the actions complained of occurred. These exceptions should have been written and filed at the time or during the term at which they were taken. R. S. 1889, sec. 2168; *Hurt v. King*, 24 Mo. App. 593; *State v. Ware*, 69 Mo. 333. The matters complained of in these points occurred a year or two before the term at which the cause was finally disposed of, and no exceptions were made or preserved. (2) As to the action of the court in sustaining exceptions to first and second reports of the referee, and referring the cause back to him, these matters were waived by the plaintiff appearing and going to trial before the referee the third time. *Callahan v. Shotwell*, 60 Mo. 401. (3) But this case is exactly such as, by statute, may be referred. The trial of the issues of fact, involved the examination of a long account. R. S. 1889, sec. 2138; *Walker v. Hurlstone*, 92 Mo. 327, 332; *Hardware Co. v. Wolter*, 91 Mo. 484. (4) The statute authorizing such reference is constitutional. *Edwardson v. Garnhart*, 56 Mo. 81; *Sheppard v. Bank*, 15 Mo. 149. (5) Under the statute, this case being one involving the examination of a long account, the court had full authority to sustain exceptions to the last report of the referee, and review his findings and enter up such judgment as the evidence returned in the case justified. *Walker v. Hurlstone*, 92 Mo. 327; *Hardware Co. v. Wolter*, 91 Mo. 484. (6) All exceptions to the action of the referee must be preserved in writing; but the plaintiff filed no exceptions to the report or any action of the referee. R. S. 1889, sec. 2154. (7) The books of the Wentzville Tobacco Company, plaintiff, were properly admitted in evidence. *Anchor Milling Co. v. Walsh*, 108 Mo. 279; *Robinson v. Smith*, 111 Mo. 205. (8) The judgment of the trial court is right, because all the alleged defalcations and derelictions of duty on the part of defendant, W. W. Walker, occurred

subsequent to his second appointment as secretary and treasurer in January, 1885. *Bank v. Hunt*, 72 Mo. 597; *Moss v. State*, 10 Mo. 339; *Singer Mfg. Co. v. Hibbs*, 21 Mo. App. 574; *State ex rel. v. Boon*, 44 Mo. 262. (9) This court will not reverse and remand the cause simply on the ground that plaintiff may have been entitled to nominal damages. This reduces the matter to a mere question of costs and this court will not interfere with the trial court in the matter of taxing the costs in the case. R. S. 1889, sec. 2923; *Sowers v. Ingram*, 74 Mo. 194. (10) The evidence shows that plaintiff was not entitled to nominal damages: *First*. Because plaintiff had, eight months or a year before the commencement of this action, made a complete settlement of accounts with its secretary and treasurer, W. W. Walker, paid him the balance shown due him on settlement. *Quinlan v. Keiser*, 66 Mo. 605; *Kronenberger v. Binz*, 56 Mo. 121; *Reisenlister v. Lutherische Kirche*, 29 Mo. App. 294. *Second*. Because, for the reason assigned under point 8, the plaintiff not being entitled to recover on the bond sued on, this action must fail as against all the parties. *Clements v. Yates*, 69 Mo. 625; *Huston v. Forsyth*, 56 Mo. 419; *Link v. Vaughn*, 17 Mo. 586.

BARCLAY, J.—This is an action on a bond for $6,000, with collateral condition, executed by defendants to plaintiff.

The bond was conditioned for the faithful performance of the duties of secretary and treasurer of the plaintiff company, by Mr. W. W. Walker, the principal defendant.

The amended petition set up a number of breaches of the bond, consisting of a variety of alleged irregularities on the part of Mr. Walker, and furnished some forty items of specific charges of moneys received by

him and not accounted for, or for which he took credit on the books without authority.

The petition also alleged that defendant Walker was indebted for many more items, which could not then be particularly mentioned, owing to his irregular mode of keeping the accounts of the company.

The final separate answer of the defendant sureties admitted the execution of the bond, etc., but denied all liability on account thereof, and especially all the charges of misconduct of their principal.

They also alleged that they were bound by the terms of their bond to answer for the conduct of Mr. W. W. Walker, only during his term as secretary and treasurer of plaintiff, which expired on the second Monday of January, 1885; and that during that period no misapplication of any funds by him took place.

The principal defendant stood upon the original answer, denying all the material charges of the petition and claiming a judgment against plaintiff for $500 on account of various items of money paid by him to the use of the company, at its instance, and for which he had not received credit.

On motion of defendants the cause was sent to a referee for trial of all the issues.

Many witnesses were examined, and the accounts stated by them bearing on various points of difference cover more than twenty pages of the printed matter on this appeal.

The referee reported to the court recommending a judgment for plaintiff for $1,209.69, though it had claimed a larger sum in the course of the hearing, and in the petition.

Defendants filed exceptions to the report; and the sureties then filed, by leave, the separate answer above noted.

The court sustained the exceptions and sent the

case back to the referee for further proceedings, with certain directions or instructions as to the manner in which the account should be stated.

More evidence was then submitted by plaintiff; and in due time the referee filed a second report, finding for plaintiff in the sum of $1,026.34.

To the second report the defendants excepted. Their exceptions were ultimately sustained, and the case was again referred to the same referee, who made a third report in favor of plaintiff in the sum of 1,060.63.

Defendants filed exceptions to the third report. Upon consideration thereof, the trial court sustained them, and rendered judgment for the defendants.

From that judgment plaintiff appealed, after an unavailing motion for a new trial.

It will not be necessary to go into the merits of the case for reasons which will soon appear.

We shall take up the points assigned as errors in the order in which counsel present them.

1. It is urged that the court erred in refusing to strike out, on motion, part of the original answer of defendants, and the amended answer of the sureties.

Both of those rulings on the pleadings took place several terms before that at which the final bill of exceptions, or even the final report of the referee, was filed.

Rulings on motions directed at the pleadings must be excepted to at the term when made, if it is intended to have them reviewed. Unless that is done, they can not be made the subject of review on appeal merely by being incorporated in a bill of exceptions filed at a later term in the proceedings.

This rule is settled in this state and requires no discussion. R. S. 1889, sec. 2168; *State v. Ware* (1879), 69 Mo. 332; *Keen v. Schnedler* (1887), 92 Mo. 525.

2.   It is further claimed that the trial court erred in sustaining the defendants' exceptions to the first, second and third reports of the referee, and in finally entering judgment for defendants.

There are several answers to this claim; some of a technical character, but one, at least, of firmer substance.

*a.*   The defendants insist that this court can not properly go into the accounts, with a view to overhaul the referee's finding or the action of the court on the facts, because the record here is not the record on which the court and referee acted on the circuit.

It appears from the report of the referee and the testimony accompanying the report, that plaintiff offered in evidence, on the hearing before the referee, the ledger, cash book and stamp book of the plaintiff, which had been kept by W. W. Walker while in plaintiff's employ as secretary and treasurer.

These books form material parts of the evidence. The experts refer to their contents frequently, and it is plain that, without them, no trier of the case could form a safe judgment as to the merits of plaintiff's claim. Yet they have not been made part of the record now submitted.   In their absence we are bound to assume that the trial court found in them support for the conclusion it promulgated.

It devolves on him ascribing error to the trial court to show it affirmatively.   In the absence of such showing we should always presume that the judicial action of our brother on the circuit was right.

*b.*   The case was most obviously one for a reference, with or without the consent of the parties.   It involved a long and complicated accounting; and a trial by jury was not demandable as a matter of right. R. S. 1889, sec. 2138.

The constitutionality of the section cited has been

upheld, and can no longer be considered an open question. *Edwardson v. Garnhart* (1874), 56 Mo 81.

In causes wherein the court may lawfully direct a compulsory reference, it may likewise act upon the evidence reported by the referee, and find therefrom different conclusions of fact from those reported by the referee.

This should now be taken as settled law under the rulings in *Caruth, etc. Co. v. Wolter* (1886), 91 Mo. 484, and *State ex rel. v. Hurlstone* (1887), 92 Mo. 327, without re-opening the question they adjudge.

It was hence entirely competent for the trial court, in the case at bar, to set aside the finding of the referee in favor of plaintiff, and then to find for the defendants upon the evidence reported by the referee.

Whether the court commited error in so doing, we can not investigate (assuming that we have the power) in the state of the record already described.

*c.* The most important ruling of which plaintiff complains is the action of the trial court in sustaining defendants' exceptions, filed to the last report of the referee. Those exceptions were in writing as required by section 2154 (R. S. 1889), and partook of the nature of a pleading or motion in the cause.

Yet plaintiff saved no exception to the ruling of the court thereon, though it afterwards moved for a new trial, as was held necessary in *State ex rel v. Burckhartt* (1885), 83 Mo. 430.

We think an exception was necessary to preserve that ruling for an appellate court, since exceptions to a referee's report are, in substance, no different in nature from motions for a review or correction of the report.

It has been often held that an exception is essential to save the ruling on a motion for new trial. *Berry v. Smith* (1873), 54 Mo. 148; *Taylor v. Switzer* (1892), 110 Mo. 410. A ruling on exceptions to a

referee's report should be similarly saved, if it is intended to be subsequently submitted to a reviewing authority.

As the case now stands, it remains for us but to affirm the judgment. BLACK, C. J., and BRACE and MACFARLANE, JJ., concur.