PHILBERT & JOHANNING MANUFACTURING COMPANY, Respondents, v. RICHARD T. DAWSON et al., Appellants.

St. Louis Court of Appeals, November 29, 1898.

1. **Pleading and Practice**: MOTION TO STRIKE OUT REPLY: DEMURRER. A motion to strike out a reply as a whole, and which is not specific, must be governed by the rules applicable to general demurrers.

2. ———: ———: REPLY: NEW MATTER: ISSUE. If, therefore, there is any averment or statement in the reply which puts at issue any of the new matter set forth in the answer as a defense to plaintiff's cause of action, as stated in the petition, the motion should be overruled.

*Appeal from the St. Louis City Circuit Court.*—Hon. James E. Withrow, Judge.

Affirmed.

Rudolph Schulenburg for respondent.

Plaintiff contends that the reply is not a departure from the petition. Because plaintiff's reply is in pursuance of plaintiff's petition, is not inconsistent with it and does explain, support and fortify it. Ency. of Plead. and Prac., pp. 461, 465; Auchincloss v. Frank, 17 Mo. App. 41. "A subsequent pleading may introduce new matter which is not inconsistent with the original cause of action, but which explains and supports it." Because under the law of this state evidence of the agreement set up in plaintiff's reply could have been received under the allegations of the petition. Ency. of Plead. and Prac., p. 462; Estes v. Farnham, 4 Minn. 423. "A test of departure in a declaration or complaint is the question, whether evidence of facts alleged in the reply could be received under the allegations of the complaint." * * * The cases cited by defendants in support of their contention of a departure present inconsistencies of the strongest character and can not be deemed applicable to the case at bar. Philiburt v. Burch, 4 Mo. 470 (cited by defendants). "The petition alleges a direct undertaking by defendants, and the reply charges plainly a guaranty. Held to be a departure, because the direct obligation of a principal constitutes a different cause of action from the contingent liability of a guarantor." Magruder v. Admire, 4 Mo. 133 (cited by defendants). "The cause of action set out in petition was upon the direct understanding of defendant as a principal together with other principals; the cause of action set up in reply

was the sole undertaking by defendant as a surety Held to be a departure, because there are two distinct forms of legal liability different in origin, in parties, in contingent terms of enforcement and in possible extent of recovery." Randolph v. Frick, 57 Mo. App. 400 (cited by defendants). In this case plaintiff in his reply denied his obligation to furnish an abstract of title, while in his petition plaintiff sued upon a contract, which obligated him to furnish such abstract as a condition to his right of recovery. In effect he denied in his reply the contract upon which he had sued in his petition. Perry v. Belmont, 18 Mo. 140 (cited by defendants); Hill v. Rich Hill Min. Co., 119 Mo. 9 (cited by defendants). Under the law of this state evidence of the agreement set up in plaintiff's reply could have been received under the allegations of the petition, and therefore the reply does not constitute a departure. Ency. of Plead. and Prac., p. 462; Estes v. Farnham; 4 Minn. 423, above quoted.   *   *   *   "After a special contract has been performed the money due the contractor may be recovered on the common counts." Stout v. St. Louis Tribune (1873), 52 Mo. 342, 347. "Where work is done or service rendered under a special contract and nothing remains to be done, except for defendant to pay the money agreed on, the plaintiff can sue on the common counts or in assumpsit and produce the contract in evidence." Mansur v. Botts (1883), 80 Mo. 651. "Where a special contract has been fully executed and nothing remains to be done but to pay the stipulated sum of money due thereon, the common counts in *indebitatus* assumpsit will lie to recover the same. This was the rule at common law, and it has not been changed by the code. But the plaintiff having introduced the special contract in evidence, is limited in his recovery to the sum specified therein." "Permitting proof by plaintiff of

a special contract in an action in assumpsit is not a departure." (In this case the question is fully discussed by the court.) Crump v. Redstock (1885), 20 Mo. 37, 39. "The reasonable value of services rendered may be recovered upon proof of an express contract, but the recovery will be limited to the contract price." Floerke v. Distilling Co. (1885), 20 Mo. App. 76. " In an action for the reasonable value of services the plaintiff can not be nonsuited, because the evidence shows that the services were performed under a contract at a stipulated price." Suits v. Tayler (1886), 20 Mo. App. 166–174. "A party may sue on a *quantum meruit* and at the trial prove an express contract." Gruetzner v. Ande Fur. Co. (1887), 28 Mo. App. 263–267. Same doctrine sustained, but held not to apply, because a contract for personal services is involved. Koenig v. Morrison (1891), 44 Mo. App. 411–413. "In regard to building contracts it was always the law of this state, that a party might sue for the reasonable value of the work and material though done and furnished under special contract." Williams v. Railroad (1892), 112 Mo. 463–491. "At common law a party can sue in assumpsit to recover the stipulated price due on a special contract, where the contract has been fully executed and nothing remains to be done but the payment of the agreed price. In such a case he does not repudiate the contract, nor seek to avoid it, but, under his common count of *quantum meruit*, he offers the contract in evidence to sustain his case." Citing: Chesapeake Canal Co. v. Knapp, 9 Peters, 565; Dermot v. Jones, 2 Wall, 9.

B. O. DAVIDSON for appellant.

The court erred in overruling defendant's motion to strike from the files the reply of plaintiff. Philibert

v. Burch, 1 Mo. App. 470; Magruder v. Admire, 4 Mo. App. 133; Randolph v. Frick, 57 Mo. App. 400; Parry v. Barrett, 18 Mo. 145; Hill v. Rich Hill Mining Co., 119 Mo. 9; 1 Nash on Plead. and Prac. [4 Ed.], p. 263; Gould on Pleading, p. 453; Christy v. Price, 7 Mo. 430; Stollings v. Sappington, 8 Mo.119; Chambers v. King and Tunstall, 8 Mo. 518; Crump v. Mead, 3 Mo. 233; Clendennen v. Paulsel, 3 Mo. 231; Brown v. Gauss, 10 Mo. 265; Powell v. Buckley, 13 Mo. 316; Lamb v. Brolaski, 38 Mo. 52; 6 Ency. of Plead. and Prac., pp. 460, 462, 463; Chapman v. Currie, 51 Mo. App. 42; R. S. 1889, sec. 2039; Rush v. Brown, 101 Mo. 586; Eidlitz v. Rothschild, 33 N. Y. Sup. 1047; 87 Hun. 243; Osten v. Winehill, 38 Pac. Rep. 123; 10 Wash. 333.

BLAND, P. J.—The plaintiff furnished the defendants, Richard T. and William R. Dawson—contractors for the erection and construction of a building for defendant Eitman—the mill work called for by the specification for the building, and brought suit to recover an alleged balance due on account of said mill work, in which it also sought to enforce a mechanics' lien against the building and lot on which it is situated. On the trial the plaintiff recovered judgment, from which defendants appealed.

The contention here is based on the condition of the pleadings and the ruling of the trial court thereon. The petition averred a request by defendants, Richard T. and William R. Dawson, to the plaintiff STATEMENT. to furnish the mill work for the building, which request the plaintiff avers it complied with by furnishing said material, and that its reasonable value was $863.30.

The answer of the Dawsons set up as a defense, a special written contract between plaintiff and them-

selves, whereby they say plaintiff agreed to furnish all of said mill work for $559.60, a part of which they aver they had paid, and that they had tendered the balance, which the plaintiff refused to receive. This tender defendants kept good, by paying the alleged balance into court for the use and benefit of plaintiff.

The reply was a denial of the written contract alleged in the answer, and stated that the pretended written contract on which defendants relied was evidenced by a letter in the possession of defendants, written by one of plaintiff's employees without the knowledge or consent of plaintiff, in which said employee had by mistake and clerical error, stated that plaintiffs would furnish said mill work for $559.60, and that defendants well knew said statement was a mistake and that no such contract had in fact been made. It was further stated in the reply that the plaintiff made a verbal contract with defendants Dawson, whereby it agreed to furnish said mill work for $863.30, and that additional mill work of the value of $8.30 had been furnished the Dawsons by it, at their instance and request. The reply also contained a specific denial of the averment in the answer, that defendants, Dawsons, had made the tender averred.

Defendants filed the following motion to strike out the reply: "Come now the above named defendants, Richard T. Dawson and William R. Dawson, partners as R. T. Dawson & Co., and move the court to strike from the files herein the reply of plaintiff heretofore, to wit, the 20th day of October, 1897, filed herein, for the reason that said reply contains new matter inconsistent with the allegations of the petition filed by plaintiff herein." This motion the court overruled, to which ruling the defendants objected and excepted at the time, and then and there filed their special bill of exceptions to said ruling.

The only assignment of error relied on here for a reversal of the judgment, is that the court erred in overruling defendants motion to strike out the reply. The motion struck at the reply as a whole, but at no specific part of it, and must be governed by the rules applicable to general demurrers. Paddock v. Somes, 102 Mo. 226. If, therefore, there is any averment or statement in the reply which put at issue any of the new matter set forth in the answer as a defense to plaintiff's cause of action as stated in the petition, the motion was correctly overruled. Eads v. Gains, 58 Mo. App. loc. cit 594; Marie v. Garrison, 83 N. Y. 14. As we have seen, the reply did put in issue the averment of tender, and also put in issue the existence of the written contract averred by defendants and relied on by them as a defense to the action. The question argued by the briefs, is that the reply was a departure from the petition, and should for that reason have been stricken out. By the generality of their motion defendants are cut off from raising that question, and its discussion is unnecessary, since the judgment of the court must be sustained, for the reason herein set forth, i. e., that the reply put at issue material averments of new matter pleaded by the answer, which the court could not properly strike out.

PLEADING.

Judgment affirmed.   All concur.