BARBER ASPHALT PAVING COMPANY, Respondent, v. PHILIP BENZ et al., Appellants.

BARBER ASPHALT PAVING COMPANY, Respondent, v. JAMES SCAMMON, Trustee, et al., Appellants.

BARBER ASPHALT PAVING COMPANY, Respondent, v. MARY M. H. MILLER et al., Appellants.

BARBER ASPHALT PAVING COMPANY, Respondent, v. MARY M. H. MILLER et al., Appellants.

**Kansas City Court of Appeals, October 30, 1899.**

1. **Trial and Appellate Practice:** MOTION TO STRIKE OUT WHEN PART OF THE RECORD: BILL OF EXCEPTIONS. Unless a sustained motion to strike out challenges the sufficiency of the entire defense pleaded it does not become a part of the record and can not be reached on appeal without being mentioned in the motion for new trial and preserved in the bill of exceptions.

2. ———: MOTION TO STRIKE OUT: NEW TRIAL: EXCEPTIONS. Action on a motion to strike out is mere matter of exception, not subject to review on appeal unless excepted to at the time, assigned as ground for new trial and exceptions duly saved in one or more proper bills.

Appeal from the Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*E. W. Shannon* and *Chase & Leslie* for appellants filed an extended brief and argument on merits.

*Scarritt, Vaughan, Griffith & Jones* for respondent.

The only errors assigned or complained of by the appellants grow out of the action of the trial court in sustaining the plaintiffs' motion to strike out parts of the amended an-

swer in these cases. These are errors of exception and not errors which appear upon the record proper. No motion for a new trial in any of these cases has been incorporated or preserved in any bill of exceptions and none therefore appears in the record of these cases. Story v. Ragsdale, 30 Mo. App. 196; McNeil v. Ins. Co., 30 Mo. App. 306; McKee v. Calvert, 80 Mo. 348; State ex rel. v. Hitchcock, 86 Mo. 231; St. Louis v. Boyce, 130 Mo. 572. This record fails to show the commission of a reversible error by the trial court. Hohstadt v. Daggs, 49 Mo. App. 157; Hanauer v. Bradley, 64 Mo. App. 661; Carpenter v. McDavid, 53 Mo. App. 393; Cranor v. School Dist., 18 Mo. App. 397; Ins. Co. v. Rosenheim, 56 Mo. App. 27; The State v. Ware, 69 Mo. 332; Hurt v. King, 24 Mo. App. 593; Pav. Co. v. Ullman, 137 Mo. 567; Gill v. Scruggs, 79 Mo. 187; Johnson v. Greenleaf, 73 Mo. 671.

SMITH, P. J.—Inasmuch as the question presented by the plaintiffs' motion to affirm the judgment is the same in each of the above entitled cases, our ruling thereon, and the reasons hereinafter stated therefor, shall be considered as applicable alike to each.

This is a suit which was brought on Kansas City special tax bills. The answer pleaded:

1. A general denial of each and every allegation contained in plaintiff's petition. 2. A full copy of the ordinance under which the tax bills sued on were issued, which ordinance the defendant alleges was void. 3. A complete copy of the contract under which the work was done for which the tax bills were issued, which contract the defendant alleges was void. 4. A special defense to the effect that the plaintiff had not complied with the law requiring it to give notice of suit upon said tax bills. These were supplemented with several other separate and distinct defenses.

The plaintiff filed a motion to strike out the latter, which was by the court sustained; and to the action of the court in

Barber Asphalt P. Co. v. Benz et al.

sustaining the same, the defendant duly excepted. The plaintiff had judgment and the defendant has appealed.

It is in effect conceded that no motion for a new trial was preserved by the bill of exceptions. The decisive question which we are now required to determine is, whether the motion to strike out the designated parts of the defendant's answer, and the order thereon, constitutes a part of the record proper or, whether it is a mere matter of exception? For if it be the former, then, under the rules of practice which obtain in the appellate courts of this state, the correctness of the ruling of the trial court on said motion is properly before us for revision; and otherwise, it is not. After the several defenses pleaded by the defendant's answer had been stricken out there still remained, as has been seen, others to which the motion did not extend. These tendered several distinct issues of fact for the subsequent trial and determination of the court. The motion did not eliminate all the defenses interposed by the answer. No final judgment could have been rendered on the motion condemning and disposing of all the defenses pleaded by the answer for insufficiency.

The rule announced and applied in Jones v. Manly, 58 Mo. 563, and the other cases to the same effect cited by the defendant, is wholly without application to a case like this for in them it will be seen the motion and the order thereon extended to and covered the entire defense. Where the motion challenges the sufficiency of the entire legal or equitable defense pleaded, it is in legal effect a demurrer thereto and it need not be mentioned in the motion for a new trial. The correctness of the ruling on the former in such case is properly subject to a revision by the appellate tribunal without any reference thereto in the latter. But where, as here, the motion and order thereon only go to a part of the allegations of the answer and those remaining untouched tender one or more issues, then the ruling of the court is a matter of exception only and is not the subject of review unless the defendant's

bill of exceptions shows that he not only duly excepted thereto but that he subsequently, in his motion for a new trial, assigned such ruling as one of the grounds therefor and duly excepted to the action of the court in overruling the same.

Barber Asphalt Paving Co. v. Ullman, 137 Mo. 543, in many of its essential features, is similar to the present case. There the suit was on special tax bills.　There was a general denial, coupled with a number of defenses.　The court, on motion of plaintiff, struck out the special defenses, and to its action in that regard the defendant duly excepted. The plaintiff had judgment and the defendant at the *next term thereafter* filed a motion for a new trial, assigning as one of the grounds thereof the action of the court on the motion to strike out.　The former motion was embodied in the bill of exceptions.　In passing upon the question, whether the motion to strike out was a part of the record proper or merely a matter of exception, the court, in the course of its opinion, said:

"That part of the answer was stricken out by the court on motion of plaintiff.　The bill of exceptions in the case was allowed and filed as of the August term, 1893.　But the ruling striking out *the defenses* above quoted took place at a term of court prior to the August term, 1893, and no exception to that ruling was preserved by any bill of exceptions at that prior term; nor was the time to except to that ruling ever extended beyond the term when it was made.　The correctness of the ruling is therefore not properly before the supreme court for revision on this appeal.　An exception to a ruling striking out a pleading, or part thereof, must be taken by a bill filed at the term when such ruling becomes final, or within a time given, so as to connect the exception with that term. It is not sufficient to bring *such a matter of mere exception* into the final bill, filed at a subsequent term, when no bill preserving the exception was obtained at the proper time, during the course of the proceedings."

It is thus made clear that the correctness of the action of

a trial court in sustaining a motion to strike out in a case like this is a mere matter of exception and is not subject to review, unless it appears from the record: (1) that the defendant duly excepted to the ruling of the court in sustaining the motion; (2) that this ruling was assigned in the motion for a new trial as one of the grounds therefor; (3) that to the action of the court in sustaining one and overruling the other, exceptions were duly taken and incorporated with both of said motions in one or more proper bills of exceptions, and in that way brought upon the record.

The distinction between mere matters of exception and errors appearing upon the face of the record proper was referred to in Childs v. Railway, 117 Mo. 426, where it is said: "It is well settled law in our practice that there is a plain distinction between mere matters of exception and errors appearing upon the face of the record proper. In order to give this court the right to review rulings which are matters of exception, the exceptions must be taken at the time the rulings are made, and they must again be brought forward in a motion for a new trial as grounds therefor, and they must be made matters of record by a bill of exceptions. *The refusal of the court to strike out a pleading is a matter of exception and nothing more.* The motion to set aside the judgment, filed in this case, can not be treated as a motion for a new trial, because it was not filed within four days after judgment, as the statute requires. As the defendant filed no motion for a new trial, it follows that the alleged error in *refusing* to *strike out* the *amended* and *supplemental petition* is *not before us for revision.*"

And in State ex rel. Walker v. Hurlstone, 92 Mo. 327, it was further said by the same court: "The law has been long and well settled in this state that unless there is a motion for a new trial filed and the motion preserved in the record, with the exceptions to the action of the court in overruling the same, this court is limited in its investigation to such ques-

tions as appear on the face of the record proper.    It will not consider questions which are only presented by a bill of exceptions where there is no motion for a new trial.    Long v. Towle, 41 Mo. 398; Collins v. Sanders, 46 Mo. 389.    There are many other cases to the same effect, but it is unnecessary to make special mention of them, for the general rule is not denied."    *Vide*: Mfg. Co. v. Dawson, 77 Mo. App. 122; Collins v. Saunders, 46 Mo. 390; Bateson v. Clark, 37 Mo. 31; State v. Marshall, 36 Mo. 400; Sweet v. Maupin, 65 Mo. 70; Blount v. Zink, 55 Mo. 455.

It follows from the foregoing considerations that since the record does not disclose that the defendant filed a bill of exceptions in which was incorporated a motion for a new trial, timely filed, assigning as one of the grounds thereof the previous action of the court in overruling the motion to strike out, the judgment of the circuit court must be affirmed.  All concur.