Robards v. Munson.

---

ROBARDS, Respondent, *vs.* MUNSON, Appellant.

1. If a material averment permitted to be inserted in a petition at the trial by way of amendment is unanswered, it is to be taken as admitted. But if the answer contains a defence to the petition with the additional averment, the court should proceed to try the case in the same manner as if the averment had been in the petition at first and was unanswered.

*Appeal from Hannibal Court of Common Pleas.*

The case is stated in the opinion of the court.
*Lakenan*, for appellant.
*R. F. Richmond*, for respondent.

GAMBLE, Judge, delivered the opinion of the court..

This action was founded upon an agreement in writing between the parties, by which Robards was to take Munson to California, furnish him by the way with transportation and subsistence, and Munson was to perform many duties on the road which are specified, and after his arrival in California, was to labor under the control and supervision of Robards, and give him one half of the proceeds of his labor. The agreement con-

tains many stipulations on each side. The petition alleges performance by the plaintiff of the stipulations of the agreement on his part, and several breaches of contract by the defendant, particularly charging the defendant with abandoning him on the way and failing to work for him in California. The defendant answers the petition, and in his answer, after denying the allegations of the petition, which aver performance by plaintiff, and after averring performance by defendant, he sets up several distinct breaches of the contract by the plaintiff, in failing to furnish the necessary food, transportation and accommodation by the way. The parties went to trial before a jury, and while it was in progress, the plaintiff amended his petition by correcting a mistake (as to place) made in one of the allegations in his petition, and by averring the performance, on his part, of one of the stipulations in the agreement, which he had not specifically averred in his original petition. There was not a new petition filed, but merely a paper containing the correction of the mistake in the original petition and the additional averment.

The defendant demurred to this amendment, and the court overruled the demurrer, and upon failure to answer, gave judgment upon the additional averment for a sum which was stated in it to be the expense incurred by the plaintiff by his performance, which, in that averment, was alleged. What is very remarkable in the case is, that the amendment, which was evidently a mere addition to the original petition, and contains no charge of breach of contract by defendant, is treated as a complete petition, and judgment is given upon it for the plaintiff, for an amount stated in it to have been expended by the plaintiff, and the court then directs the trial to proceed before the jury on the original petition and answer, and instructs the jury that the plaintiff cannot recover on his original petition, because he has already had judgment on the amendment. The jury, accordingly, found a verdict for the defendant, and judgment was given for him on the only petition which alleges any breach of contract by defendant. The parties each excepted to the

decisions of the court, and the present appeal is prosecuted by the defendant.

1. The whole proceeding is wrong. The amendment to the petition was but the insertion of an additional averment in it, and if it was material, and was not answered, it was to be taken as admitted; but still, if the answer contained a defence to the petition, with this additional averment in it, the court should have proceeded to try the case just as it would have done if this averment had been in it at first, and was unanswered. The answer, in its denial of performance by plaintiff, and allegations of distinct failures to perform on his part, and in the averment of performance by defendant, or excuses for non-performance, such as consent by plaintiff, contained a defence which should have been tried, notwithstanding the amendment. The judgment against the defendant, as this record stands, is given upon a petition (if the amendment is to be regarded as a distinct petition,) which does not allege that the defendant has violated his agreement. So, the instruction given by the court, that the plaintiff could not recover on his original petition, grew out of the first error in giving judgment for the plaintiff on his amendment. The judgment of the Court of Common Pleas of the city of Hannibal, against the defendant, which is all that we can reach on this appeal, is reversed, and the cause remanded.