EDWARD BOSLEY, Appellant, v. JAMES COOK, Respondent.

Kansas City Court of Appeals, November 5, 1900.

Appellate and Trial Practice: EXCEPTIONS TO REFEREE'S REPORT: MOTION FOR NEW TRIAL. In order to bring the action of the trial court in overruling exceptions to a referee's report before the appellate court for review, the appellant must not only save his exceptions to such action but call attention thereto in his motion for a new trial.

Appeal from the Nodaway Circuit Court.—*Hon. Gallatin Craig,* Judge.

AFFIRMED.

*T. E. Haynes* and *E A. Vinsonhaler* for appellant submitted argument on merits.

*W. C. Ellison* for respondent submitted argument on merits.

SMITH, P. J.—Plaintiff and defendant were partners engaged in the buying and selling of grain and this action was brought after the expiration of the partnership by the plaintiff against the defendant for an accounting as respects the partnership business carried on by them. The case by agreement went to a referee who heard the testimony adduced and reported to the court his findings based thereon. He made an elaborate report stating the account between them in respect to the partnership transactions, and that there was a balance of fourteen dollars and thirty-four cents due the deendant from the plaintiff. The plaintiff filed his exceptions to the report of the referee which was by the court overruled. He then filed a motion for a new trial which was likewise overruled.

Plaintiff's exceptions to the report of the referee assigned six distinct grounds; but in his motion for a new trial he did not make the action of the court in denying any one or more of them one of the grounds therefor. If the plaintiff deemed the action of the court in denying any one or more of his exceptions to the report of the referee erroneous he should not only have made such action the basis of an exception but should have also *called the attention of the court thereto in his motion for a new trial.* The chief object of a motion for

a new trial is that the attention of the trial court being called to all exceptions taken to its action, an opportunity may be afforded for more careful examination and more mature deliberation that errors may be corrected and new trials awarded in many cases without the delay and expense attending an appeal.   State ex rel. Tygard v Elliott, 82 Mo. App. 458; Bank v. Traube, 6 Mo. App. loc. cit. 229; State v. Burckhartt, 83 Mo. 430; Long v. Towl, 41 Mo. 398; Collins v. Saunders, 46 Mo. 389; Rotchford v. Creamer, 65 Mo. 48; State v. Marshall, 36 Mo. 400.

It results therefore that there is nothing before us for review and that we must affirm the judgment, which is ordered accordingly.   All concur.