# E. J. RHODES, Respondent, v. JEROME DICKERSON, Appellant.

## St. Louis Court of Appeals, June 10, 1902.

1. **Promissory Notes: NOTES PAYABLE "ON OR BEFORE" A FUTURE DATE: RIGHTS OF MAKER AGAINST HOLDER FOR REFUSAL TO ACCEPT PAYMENT: FRAUD.** Plaintiff was indebted to defendant on a negotiable note, secured by mortgage, payable "on or before" a future date. He applied to defendant (the lender) to pay off the same; defendant declared he did not have the note, made a variety of statements concerning its whereabouts, which the jury found to be untrue, but which caused considerable delay before plaintiff found that the note had been transferred to a bank by defendant after plaintiff had attempted to discharge the same as aforesaid: *Held*, that plaintiff had a cause of action for fraud on said facts to recover the interest which he was obliged to pay to the last holder of the note according to its terms, accruing after his application to defendant to pay it.

2. ————: ————: **CAUSE OF ACTION, WHEN IT ACCRUES FOR FRAUD.** On the facts outlined in the foregoing headnote, plaintiff's action for fraud arose when defendant prevented the prompt

payment of the note by willful false statements concerning the same by which plaintiff was misled to his damage.

3. ———: ACTION AT LAW. Fraud constitutes a cause of action at law.

4. **Payment: ACTION.** As a general rule a voluntary payment of money made with a full knowledge of facts can not be recovered back.

5. **Petition, Sufficiency of in Charging Fraud.** A petition on the ground of fraud is reviewed and held to contain a good statement of a cause of action.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*G. A. Watson* for appellant.

(1) The petition alleges no duress, and the proof shows none. The instruction given by the court is erroneous, for the reason that money voluntarily paid can not be recovered. From an unbroken line of decisions on this point I cite only: Claffin v. McDonough, 33 Mo. 412; Union Savings Ass'n v. Kehlor, 7 Mo. App. 158; Wolf v. Marshall, 52 Mo. 167. (2) The tender pleaded was an admission by Rhodes of the amount due at that time. Mahan v. Waters, 60 Mo. 167; Williamson v. Bailey, 78 Mo. 636; Johnson v. Gartrichs, 63 Mo. App. 578.

*W. R. Self* and *J. T. White* for respondent.

(1) Whenever a man has received from another an injury through the violation of any legal duty which the other owes him, the law will give him redress." Bishop on Non-Contract Law, secs. 486, 487. (2) The effect of plaintiff's tender on June 18, while evidence that that much was due on the note at the time, does not relieve defendant from liability by reason of his fraud.

It is not a waiver of plaintiff's damages against him. The case of Williamson v. Bailey, 78 Mo. 636, cited by appellant, is against him upon his own theory of that proposition.

BARCLAY, J.—The learned counsel for the parties in this case do not agree as to the nature of the action. We consider it an action at law for damages for fraud.

Many of the material facts are not disputed.

In June, 1898, plaintiff borrowed of defendant $12,500. As security for the loan he executed a mortgage to defendant on certain lands in Arkansas. The loan was evidenced by a note, to the order of defendant, dated June 6, 1898, with interest from date at ten per cent per annum to be compounded annually. It was payable by its terms "on or before four years after date."

At the end of the first year, in June, 1899, plaintiff paid the first installment of interest on the note. The following year, May 31, 1900, plaintiff notified defendant that he was ready and desired to pay the whole of said indebtedness, principal and interest.

The petition charges that defendant then stated to plaintiff that the note and security were in Michigan in the possession of a stranger, when in fact defendant then had them under his control. Plaintiff then went to St. Louis and caused the money necessary to pay the full amount of said interest and principal to be sent to Springfield, Missouri, and to be deposited with a banking company. On June 11, 1900, defendant was notified by said banking company that the money was there ready to be paid to him in full for said note and accrued interest.

Shortly afterwards, in the same month, 1900, plaintiff made a tender to defendant in gold coin of the United States of the full amount then due upon the note, including interest to that date; but the defendant

refused to accept the same and refused to surrender the note or to take any other step to release plaintiff's obligation.

Plaintiff charges that defendant further made a number of misrepresentations to plaintiff concerning the whereabouts of the note, so that plaintiff was unaware in whose custody the same was until July 7, 1900, when plaintiff discovered that the note was in the possession of the Union National Bank of Springfield, as owner. Thereupon plaintiff immediately paid off the note with interest to the bank on July 7, 1900, and procured the surrender of said note and mortgage.

This action is for the amount of interest which plaintiff was obliged to pay in excess of what was due at the time plaintiff offered to make payment to defendant, and was prevented from discharging the obligation by reason of the facts aforesaid.

The amended answer of defendant (besides a general denial) admitted the execution and delivery of the note, as well as the tender of the principal and interest to defendant at the time mentioned. But defendant denied that he was then the owner of the note but alleged that prior to that time it had been transferred for value to the Union National Bank.

The case was tried with the aid of a jury.

There was much evidence to sustain plaintiff's allegations. Defendant did not testify at all. The president of the Union National Bank, as a witness for defendant, stated that his bank, June 15, 1900, bought the note of defendant who offered it for sale.

The following instructions were given by the court of its own motion, viz.:

"1. By the terms of the note read in evidence, the plaintiff had a right to pay same at any time upon reasonable notice to the holder thereof.

"2. If you find from the evidence that plaintiff was at any time ready and willing to pay off the note and that he so notified defendant, and if you further

find from the evidence that the defendant was at the time of receiving such notice the owner of said note, then it was defendant's duty to act in good faith with plaintiff in his endeavor to pay same, and if you further find that defendant made any false statement to plaintiff in reference to the ownership or whereabouts of the note for the purpose of deceiving him and preventing or delaying the payment thereof, and that plaintiff was deceived thereby, and was ready and willing to pay the same at all times until the note was finally paid and that he used all reasonable endeavors to pay the same, and if you further find from the evidence that by reason of the foregoing state of facts plaintiff was compelled to and did pay a greater amount of interest in paying off the note than he otherwise would have done, then you will find the issues for the plaintiff, and assess his damages at a sum equal to the amount of such increased interest not to exceed the amount sued for, that is, one hundred and fifteen dollars.

''3. It devolves upon plaintiff to establish all of the foregoing facts by a preponderance or greater weight of the evidence, and unless he has done so your verdict should be for the defendant.

''4. Upon notice by the maker of a desire to pay a note of the character of the one in controversy, each party is entitled to a reasonable time according to the circumstances in the case to complete the transaction, and what a reasonable time is, is for the jury to say from a consideration of all the facts and circumstances in evidence.

''5. If defendant was not the owner of the note at the time plaintiff notified him that he desired to pay it, then he was under no legal obligation to aid in its procurement for payment.''

Defendant submitted several requests for instructions which were refused, but no assignment of error

thereon is made, except as to one which was a binding instruction to find for defendant.

The jury found for plaintiff in the sum of $97.22 and judgment was rendered accordingly.

Defendant appealed after the usual formal moves therefor.

1. Defendant's first contention is that any payment of excessive interest was a voluntary payment, and as such the amount thereof could not be recovered back.

It is a general rule of law that a voluntary payment of money can not be recovered where all the facts are known, barring certain exceptional instances not in question here; for example, those expressly defined in chapter 32 (R. S. 1899). Many Missouri decisions (of which Wolfe v. Marshal, 52 Mo. 167, is a type) sustain that general proposition. But it is irrelevant to the issue in the present action. Here no voluntary payment was made to defendant. The case which plaintiff makes is that he was obliged to pay to the Union National Bank an excess over the amount of interest justly due by him on account of defendant's willful misrepresentations concerning the ownership of the note and the transfer of the same to the Union National Bank, after plaintiff had offered to pay to defendant the amount due, according to the terms of the contract.

2. Defendant further claims that there is no evidence of duress or compulsion influencing plaintiff's action in paying the excess of interest. This is quite true. No such evidence was necessary to sustain the plaintiff's case.

Fraud in law is a substantive ground for recovery. Its shapes are so manifold that courts usually refrain from attempting to define it, preferring to let each case be determined by its own facts. It is clear to us that the facts charged in the petition, submitted by the instructions and found by the jury, in the case

at bar, constitute a case of fraud, entitling plaintiff to the relief which the trial court afforded. If defendant owned the note when plaintiff applied to him to pay it, according to its terms, and yet willfully misrepresented the ownership and misled plaintiff thereby so that he was damaged by having more interest to pay to a third party to whom defendant meanwhile transferred it, plaintiff has an undoubted right of action for the fraud involved in such conduct on defendant's part. The facts exhibited here fully warrant the inference that defendant intended to delay the prompt payment of the note by plaintiff, and that defendant's conduct and statements were inspired by that intent after May 31, 1900, when plaintiff applied to defendant to be allowed to pay his obligation. The cause of action is in the nature of deceit, and it is sustained by authority, if any is needed. Parker v. Marquis, 64 Mo. 38; Bank v. Crandall, 87 Mo. 208; Bank v. Byers, 139 Mo. 627.

3. Without attempting a full review of the case, it is safe to say that the learned trial judge properly construed the note by the first instruction given, and that the evidence fully supported the submission of the facts stated in the second instruction. The only objection assigned to the latter is that it did not restrict the recovery to interest accruing after June 18, 1900, the date when plaintiff made the formal tender in gold to defendant. That tender amounted, no doubt, as claimed, to an admission that the sum tendered was due (Williamson v. Bailey, 78 Mo. 636), but it did not have the effect to waive any part of plaintiff's demand for the fraudulent acts of defendant which had occurred before. Plaintiff's first application to defendant to pay the note was on May 31, 1900. Defendant then owned the note, according to all the evidence. Yet he did not contradict, at the trial, plaintiff's account of his misleading statements to the effect that

he did not control the note. If a fraud was perpetrated by those statements and plaintiff's resulting injury, the formal tender on the note, June 18, 1900, would be no more a waiver of any part of the damages caused by the fraud than was plaintiff's final payment of the note to the bank in July.

5. Defendant finally claims that the judgment should have been arrested because the petition omitted to state that the payment of interest sued for occurred through duress, compulsion, fraud or mistake.

We have not deemed it necessary to set forth the petition at large. It covers some three pages in the printed abstract on this appeal. Its substance has been fully outlined already. So far as concerns the omission to allege duress, compulsion or mistake, such omissions would not impair plaintiff's right of recovery upon the real theory on which the petition proceeds, which is fraud. Allegations to indicate fraud appear to us sufficiently numerous to satisfy the most critical taste. We will mention a few of the allegations of that sort which the petition affords:

"For the purpose of defrauding plaintiff and in order to endeavor to cheat and defraud plaintiff out of his said property and to prevent the carrying on of the trade above mentioned, so that the defendant might foreclose and take all of the defendant's property, the defendant represented to the plaintiff that the said note and collaterals were then in the State of Michigan in the hands of a stranger. When in truth and fact they were then in the defendant's possession and could have been delivered at any time.

"The said Dickerson continued to put the plaintiff off from time to time, saying that he would write for the papers and that he had written for the papers, and that he would telegraph for the papers, and that he was ready to receive the payment as soon as the papers would come, when in truth and in fact the papers were

Rhodes v. Dickerson.

all the said time in the possession of the said defendant.

"The defendant concealed from the plaintiff by that means the whereabouts of the said papers and the ownership of the said note, representing that it was held by some person in Michigan, whose name and address he would not give, while in truth and in fact the said papers, the said note, mortgage and said collaterals, were at all times in the possession of the defendant, and the defendant made such representations to the plaintiff for the purpose of defrauding and preventing the payment of the said note and the discharge of the said mortgage in order to cheat and defraud the plaintiff out of his said property. That by reason of the fraud and misrepresentation of the defendant, the plaintiff was wholly unable to find the said papers and said note until finally, on the seventh day of July, 1900, the plaintiff discovered that his note and collateral and the said mortgage were in the Union National Bank," etc.

These charges of bad motive and actual fraud were connected with a full account of the essential facts of the transaction already sketched in the course of this opinion.

There surely was no lack of sufficient allegations that the wrong done was intentional on defendant's part. In that particular there was no weakness in the plaintiff's pleading, and no valid ground of criticism on which to sustain the motion in arrest of judgment.

The judgment is affirmed. *Bland, P. J.*, and *Goode, J.*, concur.