## ARKANSAS LAND COMPANY, Respondent, v. LADD, Appellant.

**St. Louis Court of Appeals, December 1, 1903.**

1. PRACTICE: Referee: Findings. The finding of a referee stands upon the same footing, in respect to the evidence, as the verdict of a jury, and, if supported by substantial evidence, it can not be disturbed by an appellate court.

2. ——: ——: Excepting to Report of Referee: Appellate Practice: Exceptions to Ruling of Trial Court. Where a judgment was rendered upon the report of a referee, the party excepting to such report must have excepted to the action of the trial court in overruling his exceptions, and must have again called the attention of the trial court to the alleged error in his motion for new trial, otherwise, on appeal, there is nothing for the appellate court to review.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss,* Judge.

AFFIRMED.

*Upton M. Young* and *Henry B. Davis* for appellant.

*Julian Laughlin* and *Thos. S. Meng* for respondent.

(1) No exception to the overruling of defendant's motion for a new trial being shown by the record, there

is nothing before this court for review. (2) The referee's findings of fact stand as the verdict of a jury, and will not be reviewed on appeal. Tufts v. Latshaw, 172 Mo. 359. Especially is this true where the testimony before the referee is not set out in appellant's abstract. Roth v. Continental Wire Co., 94 Mo. App. 236.

BLAND, P. J.—The suit is in replevin for books, deeds, documents, etc., pertaining to real estate situated in the State of Arkansas, owned or claimed by plaintiff. A writ of replevin was issued and delivered to the sheriff of the city of St. Louis and by him served on the defendant who gave a forthcoming bond and retained possession of the articles sued for. The answer was a general denial and a plea of the statute of limitations. On motion of defendant, the cause was referred to the Hon. E. W. Pattison who heard the evidence and made and filed his finding which is as follows:

"1. I find that the two lists, composing items 1 and 2 in the affidavit and petition, were procured and paid for by the plaintiff; that they were its property at the time of the suing out of the writ, and that the evidence does not sustain the claim of defendant that he had a lien on them or either of them.

"2. I find as a fact that the twenty deeds, constituting the third item in said affidavit and petition, were in the possession of defendant, at the time of the suing out of the writ, and that they were at that time the property of the plaintiff, and that plaintiff was at that time entitled to their possession.

"3. I make the same finding as the last above with reference to the abstract book of the Arkansas Land Company, being item 4.

"4. I make the same finding with reference to the land book, being item 5.

"5. I make the same finding with reference to the letter book, being the sixth item.

"6.  I make the same finding with reference to the McCray deed, being the seventh item.

"7.  I make the same finding with reference to the lot of printed blank deeds, constituting the eighth item.

"8.  I make the same finding with reference to the Godby abstract of title, being the ninth item.

"9.  I make the same finding with reference to the Carpenter & Company abstract, being the tenth item.

"10.  I make the same finding with reference to the plats made by the St. Louis & Memphis Railroad Company, being the eleventh item.

"11.  I make the same finding with reference to the 100 original entry certificates for swamp and overflowed lands, being the twelfth item.

"12.  I find that the Session Acts of the State of Arkansas for the year 1869, being the thirteenth item, were at the time of the suing out of the writ the property of the defendant, and that the plaintiff was not entitled at that time, and is not now entitled, to the possession of said book.

"13.  I find that the lot of miscellaneous deeds and papers belonging to the Arkansas Land Company, which is the fourteenth item, has not been sufficiently identified to enable me to make any finding whatever with reference to them, and shall, as hereinafter stated, place upon them only a nominal value; this nominal value being placed upon them by reason of the fact that they are included in the bond given by the defendant, and in my opinion he is thereby estopped to assert that they are of no value whatever.

"14.  I find that at the time of the hearing the value of the various articles mentioned in the said affidavit and petition were as follows:

"I find it impossible under the evidence to separate the first two items, the president's list and the clerk's lists, so far as assessing their value. The testimony shows that the two cost $228.50; but there is nothing in the testimony which enables me to divide this sum be-

tween the two, except an inspection of the documents themselves. Upon that inspection I think that a reasonably fair division is to assign the value of $100 to the president's list, and $128.50 to the clerk's lists, and I accordingly find those sums to be their value, respectively.

"I find the value of the twenty deeds comprising item 3 to be $100.

"I find the value of the abstract book to be $700.

"I find the value of the land book to be $100.

"I find the value of the letter book to be $1.50.

"I find the value of the deed from McCray to be $100.

"I find the value of the lot of printed blank deeds, comprising item 8, to be $14.

"I find the value of the Godby abstract to be $15.

"I find the value of the Carpenter & Company abstract to be $10.

"I find the value of the plats, comprising the eleventh item, to be one dollar.

"I find the value of the original entry certificates for swamp and overflowed lands, comprising the twelfth item, to be $100.

"I find the value of the lot of miscellaneous deeds and papers, comprising the fourteenth item, to be one cent.

"I further find that the two lists, constituting items 1 and 2, the McCray deed, constituting item 7, the printed blank deeds, constituting item 8, the plats, constituting item 11, and the Session Acts of the State of Arkansas, constituting item 13, have been turned over to the referee during the hearing of this cause.

"There is no sufficient evidence in the record on which to base any finding of substantial damages for the detention by the defendant of these articles, or any of them, and I therefore assess the damages at one dollar.

Arkansas Land Co. v. Ladd.

"CONCLUSIONS OF LAW.

"From the foregoing findings of facts my conclusions of law are as follows:

"That the articles comprised in items 1 to 12, inclusive, are now, and were at the date of the suing out of the writ in this case, the property of plaintiff, and that plaintiff was entitled to the possession of them, and each of them, on that date; and that defendant on said date wrongfully detained and withheld the same and all of them from the plaintiff in the city of St. Louis, and that the cause of action is not barred by the statute of limitations.

"I further find that the articles embraced in items 1, 2, 7, 8, and 11, being the president's list, the clerk's lists, the McCray deed, the printed blank deeds, and the plats, should be delivered to the plaintiff, and that the aggregate value of said items at the time of the hearing was $343.50.

"I find that the Session Acts of the State of Arkansas for the year 1869, being the thirteenth item in the affidavit and petition, was at the date of the suing out of the writ, the property of the defendant, that plaintiff was not at that date, and is not now, entitled to its possession, that its value is $2.50, and that it should be returned to the defendant.

"I further assess the value of items 3, 4, 5, 6, 9, 10, 12 and 14 of the list set out in said affidavit and petition, being the twenty deeds, the abstract book, the land book, the letter book, the Godby abstract, the Carpenter & Company abstract, 100 original entry certificates, and a lot of miscellaneous papers and deeds, at $1,026.51, in accordance with the specific findings on pages 51-3 and 72-3 of this report.

"I find that plaintiff is entitled to recover of defendant one dollar damages for the detention of the property hereinbefore mentioned.

"I, therefore, recommend that judgment be rendered in favor of the plaintiff, and against the defendant and his sureties, to the following effect: that the articles embraced in items 1, 2, 7, 8 and 11, be delivered to the plaintiff under the stipulation hereinbefore mentioned which will be found on pages 13, 14, 67 and 68 of the record; that as to the other articles, viz., the twenty deeds, comprising item 3, the abstract book, comprising item 4, the land book, comprising item 5, the letter book, comprising item 6, the Godby abstract, comprising item 9, the Carpenter & Company abstract, embracing item 10, and the 100 original entry certificates, comprising item 12, judgment be rendered against the defendant and his surety that he return said articles, and each of them, to the plaintiff, or pay their assessed value as above, at the election of the plaintiff, and that he pay to the plaintiff one dollar as damages and the costs of this suit, and that the Session Acts of the State of Arkansas for the year 1869, being item 13, be delivered to the defendant.

"My rulings on the objection to evidence have been entered in the transcript.

"I return herewith the evidence and the exhibits, including the two lists, the McCray deed and the Session Acts of Arkansas. The printed blank deeds and the plats have been delivered to the plaintiff.

"The parties have agreed that an allowance shall be made to the referee of $250 for his services herein, and each of said parties has paid to the referee one-half of said sum, to-wit, $125.

"All of which is respectfully submitted,

"EVERETT W. PATTISON, Referee."

Defendant filed exceptions to the finding which the court overruled and rendered judgment for plaintiff as recommended by the referee. No exceptions were taken to the action of the court in overruling the exceptions filed by defendant to the finding of the referee.

The case is brought here in the form of abstracts. Under the head of "Minutes of the Court," we find the following: "December 1st, defendant's motion for new trial filed. December 22d, defendant's motion for new trial overruled." The motion for new trial is not to be found in the record before us. The only intelligent information of what the evidence was, is found in a *resume* of it made by the referee in his report. The abstract of the evidence, as made by the defendant, is but little more than a citation to pages of the record where the evidence of the witnesses may be found, but he has not furnished us with that record and his index is of no service to us. The finding of the referee stands upon the same footing, in respect to the evidence, as the verdict of a jury and if supported by substantial evidence, it can not be disturbed by an appellate court. Tufts v. Latshaw, 172 Mo. 359, and cases cited at page 372. The statement of what the evidence was by the referee in his report (and this is all we have to go by) not only supports his finding but supports it by the greater weight of the evidence. The record, however, is in such condition that we can not review the report of the referee, or the action of the court in entering judgment thereon, for the law is that the party objecting to the finding of a referee must except to the action of the court in overruling his exceptions to the report, and again call the court's attention to the alleged error in his motion for new trial. Bosley v. Cook, 85 Mo. App. 422, and cases cited. The record before us does not show that any exceptions to the action of the court, in overruling the defendant's exception to the finding of the referee, were saved at any time or in any manner. It results that there is nothing here for review and the judgment is affirmed. *Reyburn* and *Goode, JJ.,* concur.