# SUSAN E. CAMPBELL et al. v. JOHN A. BOYERS et al., Appellants.

### In Banc, March 28, 1912.

1. **APPEAL: Affidavit.** Recitals in the abstract of the record that in due time an affidavit for an appeal was filed, praying an appeal to the Supreme Court, which appeal was granted and allowed, are sufficient to entitle appellant to a hearing of his appeal in the Supreme Court, although neither the affidavit itself nor more of its substance is set out in the abstract.

2. **DEPARTURE: Amended Petition: Original Abandoned: Matter of Exception.** When an amended petition is filed by leave of court, the original petition is abandoned and thereafter can be made a part of the record only as a matter of exception, and if not made a part of the record by exception only the amended petition is before the court on appeal, and the question of whether the amended petition was a departure from the original cause of action is not for consideration.

2. **AMENDED PETITION: Motion to Strike Out: Overruled: No Exception.** If plaintiff files an amended petition and thereupon defendant files a motion to strike it out, and that motion is overruled, to which no exception is saved, and thereafter defendant appears and testifies before the referee, his answer to the original petition, which remained on file and was not withdrawn, must be considered a pleading on file and responsive to the amended petition.

4. **REFEREE'S REPORT: Exceptions: Equity.** Alleged errors growing out of a reference are matters of exception and can only be reviewed when incorporated in a bill of exceptions. Besides, in an equity case a referee's report, like the verdict of a jury, is only advisory, and not binding upon the court.

5. ———: **Not Made a Ground for New Trial.** The disposition made of the referee's report is not for consideration on appeal unless the court's action in reference thereto is made a ground in the motion for a new trial.

6. ———: **Ruling Excepted to Set Aside.** An appellant cannot be heard in the appellate court to complain of a ruling of the trial court against him which was afterwards set aside. Where the decree and ruling of the trial court upon the referee's report, to which appellant objected and filed his term bill of exceptions, was at the same term of court set aside and for naught held, appellant cannot be heard to urge his objection to that report.

7. **ACCOUNTING: Fraud: Interest: Payments Voluntary: Reimbursement.** Where the entire transaction by which defendant built a house on plaintiff's lot and obtained and foreclosed a deed of trust thereon, was fraudulent and void, defendant is a mere volunteer as to the payment of repairs, insurance, taxes, water taxes and rents collected, and without standing in a court of equity to claim that he be reimbursed for the sums so paid or to interest on the sum named in the deed of trust.

Appeal from St. Louis City Circuit Court.—*Hon D. G. Taylor*, Judge.

AFFIRMED.

*Charles P. Williams, H. A. Loevy* and *W. A. Kinnerk* for appellant.

(1)  The judgment in this cause is irregular and unsupported by the record proper in at least two particulars.  The record shows that the second amended petition filed after the case had been tried, contained for the first time, a number of allegations that are not contained in the two preceding petitions.  No opportunity was ever given to the defendant Boyers to plead to this second amended petition or to offer evidence with respect to these new charges.  No answer of the defendant Boyers was ever filed or considered by the court with respect to this second amended petition. The court shut off all debate by the interlocutory decree entered on the same day that the defendant Boyers's motion to strike out was overruled.  2nd: The record shows that the final decree was entered in this case without the court ever having passed upon the report of the referee, which had been filed in the cause. The judgment below, having been improvidently entered without disposing of the foregoing matters, ought to be reversed and remanded.  No final judgment can be rendered while issues either of fact or of law remain undisposed of, or before the cause is at issue.  R. S. 1909, sec. 1859; Black on Judgments (2 Ed.), sec. 184; 11 Ency. Pl. & Pr., 864.  (2)  The court erred in refus-

ing to allow to Boyers any credit for the interest notes that he paid as the holder of the second deed of trust, and in possession thereof. Nothing is better settled than that he who comes into equity must do equity. The only way Boyers could have gotten any rent or profit out of the property at all was to pay these superior charges accruing under the first deed of trust. If the plaintiffs themselves had kept possession of the property they would have been obliged to pay these charges. They ought not only by the decree be put in a better position than if they had occupied the property and collected the rents and profits. Their loss arising out of the failure to properly construct the building was fixed by the decree, by finding against Boyers in the sum of $1000. That disposed of the issue of failure of consideration. The decree by reason of the failure to allow for the payment of these several charges, while at the same time allowing for water rates and taxes, is unjust and inequitable. Rutherford v. Williams, 42 Mo. 18; Land Co. v. Jefferson, 30 Am. St. Rep. 587; Ruppel v. Bldg. Ass'n, 158 Mo. 122; Reed v. Taylor, 56 Ill. 288; Albert v. Sanford, 201 Mo. 132; Elder v. Bank, 12 Kan. 238; Pomeroy's Eq. Jur. (3 Ed.), sec. 386, 910. (3) There is not sufficient evidence in this case to show that the contract itself to erect the buildings, was entered into or induced by the fraud of Boyers. Under these circumstances, Boyers was entitled as a matter of law, to the profit that he would have made if he had completed the buildings according to plans and specifications. The measure of the plaintiff's damages and the extent of the failure of consideration ought to be arrived at by subtracting from the reasonable value of the building if it had been erected in full compliance with the plans and specifications, the reasonable value of the building as it was actually erected. To the extent of this difference only would there be a failure of consideration entitling the plaintiffs to the cancelation of the mortgage

or to a personal judgment against the defendant. There is absolutely no evidence in this record upon which to compute or found such difference. Therefore, the decree ought to be reversed and the cause remanded. The measure of damages above is correct. Moulter v. McOwen, 103 Mass. 587; Morton v. Harrison, 20 Jones & S. 305; Kidd v. McCormack, 83 N. Y. 391. (4) Under the second deed of trust Boyers was not a volunteer in making the payments of interest accruing under the first deed of trust. The parties making this second deed knew and understood that Boyers was the beneficiary. This was part of the consideration for his building the house. While a sale by an interested trustee may doubtless in proper cases be set aside, yet the fact that the trustee is the real owner of the loan ought not to absolutely destroy the mortgage. It would still stand as an equitable lien upon the land and the holder of that lien in paying off prior liens for his own protection under authority of the second mortgage would not be a volunteer. Jones on Mortgages (Rev. Ed), sec. 1772; Long v. Long, 79 Mo. 644; Darst v. Bates, 95 Ill. 573; Lantron v. Barr, 63 Mo. 48; McQuies v. Peay, 58 Mo. 56; Blackburn v. Tweedie, 60 Mo. 505; Morton v. Nixon, 92 Mo. 26.

*Robert & Robert* for respondents.

(1) No objection was made and no exception was saved to the filing of the second amended petition. Nor to the court's order in overruling defendant Boyers's motion to strike it from the files. Under these circumstances this court will not consider the question. Grymes v. Lumber Co., 111 Mo. App. 358; Allen v. Railroad, 126 S. W. 254; Lewis v. Mining Co., 199 Mo. 463; Carter v. O'Neil, 102 Mo. App. 391; Casler v. Chase, 160 Mo. 418; Hoffman v. Trust Co., 151 Mo. 520; Ross v. Railroad, 141 Mo. 390; Tobacco Co. v. Walker, 123 Mo. 662; Jackson v. Railroad, 80 Mo. 147;

Wilson v. Haxley, 76 Mo. 345; Parsons v. Clark, 98 Mo. App. 28; Lith. Co. v. Fennimore, 84 Mo. App. 228. Nor is any complaint made in the motion for a new trial or in the assignment of errors that the court erred in this particular. Atkinson v. Dixon, 96 Mo. 582. Defendant Boyers had from July 8, 1907, to December 2, 1907, within which to file any pleading to the second amended petition but defaulted. The other defendants filed theirs December 21 and 24, 1906. The plaintiff, with the court's permission, had the right to file the second amended petition and insert in it "other allegations material to the case" at any time before final judgment. R. S. 1909, sec. 1848 (R. S. 1899, sec. 657); Russell v. Sharp, 192 Mo. 270. (2) Boyers was entitled to no setoffs. His answer to the first amended petition was simply a general denial and he filed no answer to the second amended petition. As a matter of fact he should have been allowed nothing under this state of the pleadings. Water Co. v. Neosho, 136 Mo. 498. (3) No credit should have been allowed Boyers for his payments of interest on the $4200 deed of trust. In the first place he did not plead a setoff or counterclaim. He was at best a mere volunteer. He had no right to "any rent or profit out of the property." The deed of trust which he held was fraudulent and void, as was the whole transaction. He paid the interest (if he did so) to protect his fraudulent deed and to further his scheme to become possessed of the land. There is absolutely no evidence for what reason Boyers paid this interest. The only testimony is that he did pay it. Shumate v. Snyder, 140 Mo. 86; Horrigan v. Wellmuth, 77 Mo. 545; Napton v. Leaton, 71 Mo. 369; Rhodes v. Dickerson, 95 Mo. App. 395; State ex rel. v. Stonestreet, 92 Mo. App. 214. (4) There was an abundance of evidence of fraud upon Boyers's part. To establish fraud it is not necessary to prove it by direct and positive evidence. Circumstantial evidence is not only suffi-

cient, but in most cases it is the only proof that can be adduced. Martin v. Estes, 132 Mo. 402; Funkhauser v. Lay, 78 Mo. 458; Baldwin v. Whitcomb, 71 Mo. 651; Hopkins v. Sivert, 58 Mo. 201; Massey v. Young, 73 Mo. 260. (5) A trustee cannot purchase at his own sale. Boyers knew this, hence had defendant Mc-Carthy take the title in her name and delivered to him a quitclaim deed, which he concealed and did not record. This, too, was a part of the whole fraudulent scheme. Lass v. Sternberg, 50 Mo. 124; 1 Perry on Trusts & Trustees (6 Ed.), secs. 194-5; 2 Perry on Trusts & Trustees (6 Ed.), sec. 602v.

KENNISH, J.—This is an appeal from a judgment of the circuit court of the city of St. Louis, in favor of plaintiffs, in an equity case. Defendants appealed.

The pleadings are of too great length to be set out in this opinion. In the second amended petition, on which the final decree was entered, it is alleged, in brief: That the plaintiffs are two women, unaccustomed to the transaction of business, and that the defendant Boyers, an architect and builder, was regarded as an old and trusted friend of the family; that plaintiffs owned and resided upon a lot in said city and, with a view of improving the same, conferred with said Boyers and wholly relied upon his advice as to making the proposed improvements; that a written contract was entered into between plaintiffs and said Boyers, by the terms of which, in consideration of the sum of $4770, Boyers was to remove the old building to the back part of the lot and erect a new brick structure to be used and occupied as flats, on the former site of the building removed; that plaintiffs agreed to execute two trust deeds to said Boyers in payment for said improvement, one for $4000, to be executed at the date of said agreement, and the other, for $770, when the work was done; that the old house was removed and the new building erected.

That the said Boyers fraudulently induced plaintiffs to execute the first trust deed for $4200; and the second trust deed for the balance of the amount to be paid, before the completion of the work, and that plaintiffs, relying upon and having confidence in said Boyers, did as he directed; that an interest note matured at intervals of six months on the first trust deed, and of three months on the second; that plaintiffs thereafter learned that said trust deeds were for borrowed money, of which fact they were ignorant, as they were of all other provisions of the trust deeds at the time of their execution. That said building was so fraudulently constructed by said Boyers and the work so fraudulently done that it was not worth more than one-half of what plaintiffs agreed to pay therefor; that said Boyers as trustee in the second trust deed, caused said property to be advertised and sold, and through his attorney purchased the same, and as such trustee executed a deed therefor to the defendant Mary A. McCarty, who held title as agent for said Boyers; that said Mary A. McCarty had instituted unlawful detainer proceedings against the plaintiffs to recover possession of the property; that none of the other defendants have any interest in the property, except as trustees for said Boyers. Plaintiffs prayed that said second trust deed, the deed from Boyers to defendant McCarty, and an unrecorded quitclaim deed from said McCarty to Boyers, be cancelled and for naught held; that the defendant Freihaut, holder of the first trust deed, be required to credit the sum of $1815 upon the principal note secured thereby, and for an accounting of rents and profits as to defendant Boyers, and for general relief.

Answers were filed to each of the first and second petitions by all of the defendants, and to the second amended petition by all except defendant Boyers.

The case was tried in December, 1906. At the close of all the evidence the court announced that on

the evidence introduced relief could not be granted upon the pleadings as they stood, and suggested to counsel for plaintiffs that the petition be amended to conform to the proof, whereupon plaintiffs filed a second amended petition which petition defendant Boyers, without having withdrawn his answer, filed a motion to strike out. This motion does not appear in the record. The court took the case under advisement, and on the 8th day of July, 1907, overruled defendant's motion to strike out and rendered an interlocutory decree for plaintiffs. No exception was saved by defendant Boyers to the action of the court in granting leave to file the second amended petition, or to the court's action in overruling the defendant's motion to strike out the same, nor was the court asked for time to file an amended answer thereto. The interlocutory decree ordered, *inter alia,* that defendant Boyers make an accounting of the rents and profits of the property while in his possession, and at the October term, 1907, the court appointed a referee to take such accounting and report his finding to the court. The referee heard the evidence and filed his report, whereupon the court, at the said October term, entered a judgment and decree confirming the report in part and disapproving it in part. During the said October term the defendant Boyers filed his term bill of exceptions to the action of the court in sustaining plaintiffs' oral exceptions to the report of the referee. This bill was duly allowed, signed and filed. Thereafter, and during said October term, the court set aside its judgment and decree based upon the report of the referee, and on December 2, 1907, at the December term of court, entered its final judgment and decree in favor of plaintiffs. The defendants in due time filed their motions for new trial and in arrest, which were overruled, exceptions saved, and a bill of exceptions regularly allowed, signed and filed.

The term bill was not included in the final bill of exceptions, nor was the ruling which had been excepted to and saved in the term bill included as a ground of the motion for a new trial. Each of said bills of exceptions were separately signed and filed and so appear in the abstract of the record.

A third bill of exceptions appears in appellants' abstract, purporting to preserve certain rulings of the court duly excepted to, on a motion to retax costs and to quash executions, but as this alleged bill is unsigned it will not be further noticed.

Other facts will be stated in the course of the opinion in connection with the points discussed.

I. Respondents challenge this court's jurisdiction of this appeal, on the ground that "appellants' abstract does not set forth the affidavits for appeal nor the substance of them," and ask that the appeal be dismissed.

It appears from the recitals in the abstract of the record that in due time an affidavit for an appeal was filed, praying for an appeal to the Supreme Court, which appeal was granted and allowed. Under the decisions of this court that recital is sufficient. [Coleman v. Roberts, 214 Mo. 635; State ex rel. v. Broaddus, 216 Mo. 336; Ray County Bank v. Hutton, 224 Mo. 42; Griffin v. Franklin, 224 Mo. 667; State ex rel. Caulfield v. Broaddus, 234 Mo. 331.] To sustain their contention, respondents cite the case of Shemwall v. McKinney, 214 Mo. 692, in which, referring to the affidavit for appeal, it is said: "The abstract of the record proper does not show an affidavit for an appeal in this cause, nor does it state the substance of any such an affidavit." That case was correctly decided upon the facts then before the court, and the language quoted was used as applying to such facts and not as stating a general rule of law. In the Caulfield case, supra, the Shemwell case is discussed and former de-

cisions of this court are reviewed, from which the rule is deduced that "it is not necessary to set forth either the affidavit *in haec verba,* or its contents, in order to entitle appellant to a hearing of his appeal in the higher court."

II.  Appellants complain that the judgment is not supported by the record, for the reasons (a) that the second amended petition was a departure from the original cause of action, (b) that no opportunity was given defendant Boyers to plead thereto, and (c) that a final decree was entered without the court having passed upon the report of the referee theretofore filed in the cause.

(a)  The second amended petition being filed by leave of court, the two former petitions became abandoned pleadings and could only be made a part of the record and have a place therein as matters of exception.  [Missouri Pacific Ry. Co. v. Bank, 212 Mo. l. c. 517; Forrister v. Sullivan, 231 Mo. 345; Rule 9, Rules of this Court.]  As the two first petitions were not made a part of the record by exception, only the second amended petition can be considered, and therefore the question of departure is not before us.

(b)  When the court overruled defendant Boyers's motion to strike out the second amended petition, no exception was saved, nor was a request made for time to file answer thereto.  Defendant Boyers thereafter appeared and testified as a witness before the referee.  His answer to the first amended petition, which contained a general denial, had not been withdrawn, but remained on file, and under these facts it must be considered as a pleading on file and responsive to the second amended petition.  [Robards v. Munson, 20 Mo. 65; James v. Railroad, 69 Mo. App. l. c. 437; Bank v. Umrath, 55 Mo. App. l. c. 50; Wright v. Lessees of Hollingsworth, 1 Pet. 165; Bank of Havelock

v. Western Union Tel. Co., 72 C. C. A. 580; Clarke v. Ohio River R. R. Co., 39 W. Va. 732; 31 Cyc. 460.]

(c)   Alleged errors growing out of a reference are matters of exception and can only be reviewed when incorporated in a bill of exceptions.   [Rotchford v. Creamer, 65 Mo. 48; Turley v. Barnes, 131 Mo. 548; Meissner v. Ry. Equipment Co., 211 Mo. 112; Bosley v. Cook, 85 Mo. App. 422; Maloney v. Railroad, 122 Mo. 1. c. 115.]   Besides, it is well settled law that in an equity case a report of a referee, like the verdict of a jury, is merely advisory and not binding upon the court.   [Mack v. Wurmser, 135 Mo. 58; Bigham v. Tinsley, 149 Mo. App. 1. c. 477; Beard v. Sack, 81 Mo. 610.]

The action of the court as to the referee's report cannot now be reviewed, for two reasons.

First: It was not made a ground of the motion for a new trial, and the rule is that, "No action of the trial court is reviewable on appeal unless it was presented to the trial court in the motion for a new trial, or in the motion in arrest. or unless it appears on the face of the record proper."   [St. Louis v. Lawton, 189 Mo. 474; Coffey v. City of Carthage, 200 Mo. 616; Vineyard v. Matney, 68 Mo. 105; Hulett v. Nugent, 71 Mo. 131; Arkansas Land Co. v. Ladd, 103 Mo. App. 83.]

Second: The decree and ruling of the court upon the referee's report, to which defendant Boyers objected and filed his term bill of exceptions, was, at the same term of court, set aside and 'for naught held, and it is clear that defendant cannot be heard to complain in this court of a ruling against him which was afterwards set aside.

III.   The other errors assigned go to the sufficiency of the evidence to support the judgment and decree.

It was shown by the testimony before the referee that defendant Boyers had collected rents in the total

sum of $961, and that plaintiffs had given him, to apply on taxes, the sum of $70, in all, $1031. That he had paid for repairs $63.34; for water license, $51; for insurance, $36.80; for taxes, $62; and as interest on the $4200 trust deed the total sum of $630. In the interlocutory decree the court found that the building had been fraudulently constructed by the defendant Boyers, and adjudged that the latter pay the plaintiffs the sum of $430, in addition to the rents and profits found due on the accounting ordered. In the final decree the court allowed the defendant Boyers credit for the total sum of $150 upon the items above set out, and, adding the said sum of $430 to the sum of $1031 received by Boyers, less the credit allowed, rendered final judgment against him for the sum of $1311. Complaint is made that the decree as to the amount so adjudged against defendant Boyers is not supported by the evidence.

As the court had found the entire transaction on the part of Boyers fraudulent and void, he was a mere volunteer as to payment of the items for which credit was refused and without standing in a court of equity to claim that he be reimbursed for the sums so paid. [Shumate v. Snyder, 140 Mo. l. c. 86; Horrigan v. Wellmuth, 77 Mo. 545; Napton v. Leaton, 71 Mo. 369; Rhodes v. Dickerson, 95 Mo. App. 395; State ex rel. v. Stonestreet, 92 Mo. App. 214.]

While the record is much complicated by reason of the numerous amendments of pleadings, motions and bills of exceptions, we think the decree is responsive to the pleadings, is supported by the evidence, and that the record fails to show error against the appellants. Accordingly the judgment is affirmed. All concur, except *Graves, J.,* who dissents.